# EXHIBIT B

## TO NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)

6-24-11   2-55pm

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEARS, ROEBUCK, and CO.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANTHONY V. NIGRO

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
Clerk of the Superior Court

JUN 02 2011

By: W. S. ABELLA, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hall of Justice | CASE NUMBER:<br>*(Número de Caso):* 37-2011-00092032-CU-WT-CTL |
|---|---|

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF KIRK D. HANSON, 2790 Truxtun Rd., Suite 140, San Diego, CA 92106

| DATE:<br>*(Fecha)* JUN 0 2 2011 | Clerk, by<br>*(Secretario)* WYNNIE S. ABELLA | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Sears Roebuck and Co.

under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  Kirk D. Hanson, SBN 167920
   LAW OFFICES OF KIRK D. HANSON
2  2790 Truxtun Rd., Suite 140
3  San Diego, CA 92106
   Tel.: (619) 523-1992
4  Fax: (619) 523-9002
   Attorney for Plaintiff
5  Anthony V. Nigro

6

7

8

9
              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
10                          COUNTY OF SAN DIEGO

11

12  ANTHONY V. NIGRO,                     )   COMPLAINT   37-2011-00092032-CU-WT-CTL
                                          )
13      Plaintiff,                        )   (1) Failure To Accommodate
                                          )   (2) Failure To Engage In Interactive
14  v.                                    )       Process
                                          )   (3) Discrimination/Wrongful termination
15  SEARS, ROEBUCK and CO.;               )   (4) Wrongful Termination In Violation of
                                          )       Public Policy
16      Defendant.                        )
                                          )
17                                        )   DEMAND FOR JURY TRIAL
                                          )
18  ────────────────────────────────────

19      Plaintiff, ANTHONY V. NIGRO, ("Plaintiff"), complains and alleges as follows:

20

21  I.  **PARTIES**

22

23      1. Plaintiff worked for Defendant as a Quality Maintenance Technician 2 at
24  Defendant's retail store in Carlsbad, California, from May 20, 2007, until he was
25  wrongfully terminated on August 5, 2009.

26

27

28

                                    COMPLAINT

                                         1

1     2.  Defendant SEARS, ROEBUCK and CO., is a corporation doing business in the

2 State of California, and San Diego County, California, and was the employer of Plaintiff

3 during the applicable statutory periods, and employed more than 50 persons.

4

5     3. Plaintiff is ignorant of the true names, capacities, relationships, and extent of

6 participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through

7 20, inclusive but on information and belief alleges that those Defendants are legally

8 responsible to Plaintiff by virtue of their unlawful actions and practices and therefore sue

9 these Defendants by such fictitious names. Plaintiff will amend this complaint to allege

10 the true names and capacities of the DOE Defendants when ascertained.

11

12     4.  Plaintiff is informed and believes, and based thereon alleges that the Defendants

13 acted in all respects pertinent to this action as the agent of the other Defendants, carried

14 out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

15 each Defendant are legally attributable to the other Defendants. On information and

16 belief, a unity of interest and ownership between each Defendant exists such that all

17 Defendants acted as a single employer of Plaintiff.

18

19 **II. JURISDICTION**

20

21     5.  Jurisdiction is proper herein pursuant to the California Fair Employment and

22 Housing Act, Government Code §12900, et. seq. (FEHA).

23

24 **III.   VENUE**

25

26     6. Venue as to each Defendant is proper pursuant to Code of Civil Procedure §395.5,

27 as the obligations and liabilities of Defendants occurred in San Diego County, and

28 Plaintiff resides in San Diego County.

COMPLAINT

2

IV.   **GENERAL ALLEGATIONS**

7. Plaintiff suffers from the serious health condition ("SHC") known as ulcerative colitis, which is a medical condition/physical disability covered by the FEHA. Nevertheless, Plaintiff was able to perform his job as a Quality Maintenance Technician 2 with or without reasonable accommodation. In fact, prior to 2008, Plaintiff performed his job satisfactorily with reasonable accommodations from Defendants, including changing Plaintiff's shift start time from 6:00 a.m. to 9:00 a.m. and giving him time off from work to go to doctor appointments and time off from work if his medical condition worsened.

8. In early 2008, there was a change in management at Defendants' store in Carlsbad, California. As a result of this management change, Plaintiff's requests for further accommodation were denied without any interactive process on the part of Defendants, to wit:

a. In early 2008, Plaintiff made a request to Defendants to be transferred to the position of "Warehouse Lead," because it involves less physical labor than Quality Maintenance Technician 2, and less physical labor makes Plaintiff's SHC easier to control. Defendants denied Plaintiff's request without any interaction or conversation with Plaintiff;

b. Between December 2008 and mid May 2009, Plaintiff made several requests for accommodations to Defendants in the form of starting his shift at 9:00 a.m. instead of 6:00 a.m., time off from work when his SHC worsened, and time off from work to attend doctor appointments. These requests were denied by Defendants without any interaction or conversation with Plaintiff despite the fact that prior management had granted the same requests, and despite the fact that the prior accommodations had been successful;

1          c. In mid May of 2009, the position of "Tool Lead" became available at

2  Defendants' store in Oceanside, California, which position was a sales position with no

3  physical labor. Plaintiff made a request to Defendants to interview for the Tool Lead

4  position as an accommodation for his SHC. Defendants denied Plaintiff's request without

5  any interaction or conversation with Plaintiff;

6

7          d. At the end of May of 2009, Plaintiff informed Defendants that his SHC

8  was making it difficult to do the intense physical labor associated with the Quality

9  Maintenance Technician 2 position and requested an accommodation in the form of a

10  transfer to the Field Technician Maintenance position, which involves less physical labor

11  than Quality Maintenance Technician 2. Defendants ignored Plaintiff's request;

12

13          e. On June 8, 2009, Plaintiff requested time off as an accommodation for

14  his SHC, which request was approved by Plaintiff's direct supervisor Jason Foss. Plaintiff

15  also advised Defendants' Store Manager Larry Foerster of his request for time off.

16  Foerster replied that "this is not helping you at all." Plaintiff called into the store once a

17  week to advise Defendants of the status of his SHC and the status of his leave;

18

19          f. On July 23, 2009, while on approved medical leave, Plaintiff received a

20  letter from Store Manager Larry Foerster claiming that Defendants had not heard from

21  Plaintiff since June 29, 2009, and that Plaintiff had failed to provide Defendants with

22  medical certification concerning his need for medical leave, and thus, Plaintiff would be

23  terminated within two days if he did not contact Defendants. This letter was false as

24  Plaintiff had contacted Defendants on a regular basis after beginning his medical leave

25  the week of June 8th. Plaintiff also provided Defendants with the requested medical

26  certification on the same day he received the letter from Foerster on July 23, 2009; and

27

28

COMPLAINT

4

g. On August 5, 2009, Plaintiff is terminated by Defendants' upper management while he was on medical leave approved by his direct supervisor as an accommodation for his SHC.

9. From early 2008, up until his termination on August 5, 2009, Plaintiff experienced a continuing pattern of FEHA violations by Defendants, as alleged above, pursuant to which Plaintiff made numerous requests to Defendants for accommodations for his SHC that were denied or ignored altogether without any interactive process.

10. On June 22, 2010, Plaintiff exhausted the administrative requirements of FEHA by filing an administrative complaint and request for right to sue letter with the California Department of Fair Employment and Housing (DFEH) and was issued a Notice of Case Closure by the DFEH on the same day. Thereafter, on June 23, 2010, Plaintiff mailed Defendants his FEHA Complaint of Discrimination and Notice of Case Closure.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### [Gov. C. §12940(m)]
### [As Against All Defendants and Does 1 through 20]

11. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 above as though fully set forth herein.

12. An employer must provide reasonable accommodations for an employee with a known physical disability. Gov. C. §12940(m).

13. Plaintiff suffers from ulcerative colitis a physical disability/medical condition covered by the FEHA, which physical disability/medical condition was well known by

COMPLAINT

5

1   Defendants and Defendants failed to reasonably accommodate Plaintiff's physical
2   disability/medical condition as alleged herein.

3         14. As a result of Defendants' failure to accommodate Plaintiff's physical
4   disability/medical condition, Plaintiff has suffered and continues to suffer damages in the
5   form of lost wages and other employment benefits, and severe emotional and physical
6   distress, the amount of which will be proven at trial.

7         15. Defendants and each of them acted for the purpose of causing Plaintiff to suffer
8   financial loss and emotional distress and physical distress and are guilty of oppression
9   and malice, justifying an award of exemplary and punitive damages.

10

11                          SECOND CAUSE OF ACTION
                     FAILURE TO ENGAGE IN INTERACTIVE PROCESS
12                                  [Gov. C. §12940(n)]
                       [As Against All Defendants and Does 1 through 20]
13

14        16. Plaintiff hereby incorporates by reference Paragraphs 1 through 15 above as
15   though fully set forth herein.

16        17. It is unlawful for an employer to fail to engage in a timely, good faith interactive
17   process with a disabled employee to determine effective reasonable accommodations.
18   Gov C. §12940 (n).

19        18. As alleged herein, Defendants failed to engage in the interactive process with
20   Plaintiff in order to determine effective reasonable accommodations for Plaintiff's
21   physical disability/medical condition.

22        19. As a result of Defendants' failure to engage on the interactive process with
23   Plaintiff to determine effective reasonable accommodations for Plaintiff's physical
24   disability/medical condition, Plaintiff has suffered and continues to suffer damages in the
25   form of lost wages and other employment benefits, and severe emotional and physical
26   distress, the amount of which will be proven at trial.

27

28

                                        COMPLAINT

                                             6

1    20. Defendants and each of them acted for the purpose of causing Plaintiff to suffer

2    financial loss and emotional distress and physical distress and are guilty of oppression

3    and malice, justifying an award of exemplary and punitive damages.

4

5                      **THIRD CAUSE OF ACTION**

       **DISCRIMINATION/WRONGFUL TERMINATION**

6                       **[Gov. C. §12940(a)]**

7       **[As Against All Defendants and Does 1 through 20]**

8
     21. Plaintiff hereby incorporates by reference Paragraphs 1 through 20 above as

9    though fully set forth herein.

10      22. An employer may not discharge an employee or discriminate against an employee

11    in terms, conditions or privileges of employment because of the medical condition or

12    physical disability of the employee. Gov. C. §12940(a)

13      23. As alleged herein, Defendants discriminated against Plaintiff based upon his

14    medical condition and physical disability by failing to engage in the interactive process or

15    provide him with reasonable accommodations, and ultimately discharged Plaintiff when

16    he was taking medical leave as an accommodation for his medical condition/physical

17    disability.

18      24. As a result of Defendants' unlawful discrimination concerning Plaintiff and

19    unlawful discharge of Plaintiff, Plaintiff has suffered and continues to suffer damages in

20    the form of lost wages and other employment benefits, and severe emotional and physical

21    distress, the amount of which will be proven at trial.

22      25. Defendants and each of them acted for the purpose of causing Plaintiff to suffer

23    financial loss and emotional distress and physical distress and are guilty of oppression

24    and malice, justifying an award of exemplary and punitive damages.

25    ///

26    ///

27    ///

28    ///

1

2         **FOURTH CAUSE OF ACTION**
   **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
3        **[As Against All Defendants and Does 1 through 20]**

4

5     26. Plaintiff hereby incorporates by reference Paragraphs 1 through 25 above as

6   though fully set forth herein.

7     27. Government Code §12940, subdivisions (a), (m) and (n) embody the public policy

8   of the State of California. Defendants' termination of Plaintiff violated the public policy

9   of the State of California as set forth in Government Code §12940 et seq.

10     28. As a result of Defendants' termination of Plaintiff in violation of public policy,

11   Plaintiff has suffered and continues to suffer damages in the form of lost wages and other

12   employment benefits, and severe emotional and physical distress, the amount of which

13   will be proven at trial.

14     29. Defendants and each of them acted for the purpose of causing Plaintiff to suffer

15   financial loss and emotional distress and physical distress and are guilty of oppression

16   and malice, justifying an award of exemplary and punitive damages.

17

18                    **PRAYER FOR RELIEF**

19   WHEREFORE, Plaintiff prays:

20     1.   For compensatory damages according to proof and prejudgment interest to the

21   extent allowed by law;

22     2.   For exemplary and punitive damages according to proof;

23     3.   For reinstatement of Plaintiff to a position with Defendants that he can perform

24   with or without reasonable accommodations, and that Defendants be required to engage

25   in the interactive process with Plaintiff in order to determine effective reasonable

26   accommodations for Plaintiff's medical condition/physical disability;

27     4.   For recovery of back pay, front pay and all other lost employment benefits;

28     5.   For attorney fees and costs on the First, Second and Third Causes of Action; and

                           COMPLAINT

                               8

6.  For such other and further relief as the court deems proper.

LAW OFFICES OF KIRK D. HANSON

Dated: 5/24/11

Kirk D. Hanson
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action.

LAW OFFICES OF KIRK D. HANSON

Dated: 5/24/11

Kirk D. Hanson
Attorney for Plaintiff

COMPLAINT

9