1   JODY A. LANDRY, Bar No. 125743
    CARYN M. ANDERSON, Bar No. 247038
2   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
3   San Diego, CA 92101.3577
    Telephone:   619.232.0441
4   Email: jlandry@littler.com
    Email: cmanderson@littler.com
5
    Attorneys for Defendant
6   SEARS, ROEBUCK AND CO.

7

8                   UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  ANTHONY V. NIGRO,                     Case No.  11cv1541 MMA (JMA)

11              Plaintiff,                **SEARS' REPLY MEMORANDUM
                                          SUPPORTING ITS MOTION FOR
12       v.                               SUMMARY JUDGMENT, OR, IN THE
                                          ALTERNATIVE, PARTIAL SUMMARY
13  SEARS, ROEBUCK AND CO.,               JUDGMENT**

14              Defendants                [Fed. Rule of Civ. Proc. 56]

15                                        Date:       June 18, 2012
                                          Time:       2:30 p.m.
16                                        Judge:      Hon. Michael M. Anello
                                          Courtroom:  5
17
                                          Complaint Filed: May 27, 2011
18                                        Trial Date: January 8, 2013

19

20

21

22

23

24

25

26

27

28

'TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101.3577
619.232.0441

DEF. SEARS' REPLY MEMORANDUM ISO
MSJ                                     Case No.  11cv1541 MMA (JMA)

# TABLE OF CONTENTS

PAGE

I.     INTRODUCTION ...............................................................................................1

II.    PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM FAILS FOR THREE
       REASONS ...........................................................................................................1

       A.    Plaintiff Fails To Show He Was Qualified To Perform His Job Duties........1

       B.    Alternatively, Plaintiff Could Not Perform the Required Physical Labor ..................2

       C.    Plaintiff Does Not Establish That Sears Failed To Accommodate His
             Disability ................................................................................................3

       D.    Plaintiff Failed to Engage in the Interactive Process in Good Faith ...........................4

III.   PLAINTIFF'S PRIMA FACIE CASE FOR FAILURE TO ENGAGE IN THE
       INTERACTIVE PROCESS ALSO FAILS AS A MATTER OF LAW ................................5

       A.    Plaintiff Fails To Show Sears Knew He Needed An Accommodation After
             May 4 ....................................................................................................5

       B.    Plaintiff Failed To Engage In The Interactive Process In Good Faith ........................5

       C.    Plaintiff Speculates That The Interactive Process Could Lead To A
             Reasonable Accommodation .......................................................................6

IV.    PLAINTIFF'S DISCRIMINATION/WRONGFUL TERMINATION CLAIM FAILS..........7

       A.    Plaintiff Cannot Show He Was Qualified For His Job.................................7

       B.    Plaintiff Cannot Show Sears Harbored Discriminatory Intent .....................................8

V.     ALTERNATIVELY, SEARS ARTICULATES LEGITIMATE REASONS FOR
       PLAINTIFF'S TERMINATION WHICH PLAINTIFF FAILS TO SHOW ARE
       PRETEXTUAL .....................................................................................................9

VI.    PLAINTIFF DOES NOT DISPUTE HIS CLAIM FOR WRONGFUL
       TERMINATION IN VIOLATION OF PUBLIC POLICY FAILS IF HIS OTHER
       CLAIMS FAIL ...................................................................................................10

VII.   CONCLUSION .................................................................................................10

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*A.M. v. Albertsons,*
  178 Cal.App.4th 455 (2009) ................................................................................................... 3

*American Title Ins. Co. v. Lacelaw Corp.,*
  861 F.2d 224 (9th Cir. 1988) ................................................................................................. 3

*Avila v. Continental Airlines, Inc.,*
  165 Cal.App.4th 1237 (2008) ................................................................................................ 7

*Brenneman v. Medcentral Health Sys.,*
  366 F.3d 412 (6th Cir. 2004) ............................................................................................ 1, 8

*Caldwell v. Paramount Unified Sch. Dist.,*
  41 Cal.App.4th 189 (1995) ................................................................................................. 10

*Calif. Fair Empl. & Housing Comm'n v. Gemini Aluminum Corp.,*
  122 Cal.App.4th 1004 (2004) ............................................................................................ 4, 8

*Carr v. Reno,*
  23 F.3d 525 (D.C. Cir. 1994) ................................................................................................. 1

*Cleveland v. Policy Management Systems Corp.,*
  526 U.S. 795 (1999) .............................................................................................................. 5

*Conners v. Spectrasite Communs., Inc.,*
  465 F.Supp.2d 834 (S.D. Ohio 2006) .................................................................................... 3

*Crosier v. United Parcel Service, Inc.,*
  150 Cal.App.3d 1132 (1983) ............................................................................................... 10

*E.E.O.C. v. Yellow Freight Systems, Inc.,*
  253 F.3d 943 (7th Cir. 2001) ................................................................................................. 2

*Freeman v. Superior Court,*
  44 Cal.2d 533 (1955) ............................................................................................................. 8

*Gelfo v. Lockheed Martin Corp.,*
  140 Cal.App.4th 34 (2006) ................................................................................................ 6, 7

*Green v. State of Calif.,*
  42 Cal.4th 254 (2009) ........................................................................................................ 1, 8

*Guz v. Bechtel Nat'l, Inc.,*
  24 Cal.4th 317 (2000) ........................................................................................................ 7, 8

ITLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101.3577
619.232.0441

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

*Hanson v. Lucky Stores, Inc.*,
  74 Cal.App.4th 215 (1999) ................................................................................................. 3

*Hegwer v. Board of Civil Service Comm'rs of City of Los Angeles*,
  5 Cal.App.4th 1011 (1992) ............................................................................................ 2, 8

*Horn v. Cushman & Wakefield Western, Inc.*,
  72 Cal.App.4th 798 (1999) ............................................................................................... 10

*Howell v. Michelin Tire Corp.*,
  860 F.Supp. 1488 (M.D. Alab. 1994) ................................................................................. 3

*Jackson v. Veterans Admin.*,
  22 F.3d 277 (11th Cir. 1994) .............................................................................................. 2

*Jennings v. Marralle*,
  8 Cal.4th 121 (1994) ........................................................................................................ 10

*Jensen v. Wells Fargo Bank*,
  85 Cal.App.4th 245 (2000) ........................................................................................ 1, 2, 4, 6

*King v. United Parcel Serv., Inc.*,
  152 Cal.App.4th 426 (2007) .............................................................................................. 6

*Larkins v. CIBA Vision Corp.*,
  858 F.Supp. 1572 (N.D. Ga. 1994) .................................................................................... 3

*Lawler v. Montblanc N. America, LLC*,
  Case No. 10-CV-01131-LHK, 2011 U.S. Dist. LEXIS 41339 (N.D. Cal., April 15, 2011) ..... 8

*Myers v. Hose*,
  50 F.3d 278 (4th Cir. 1995) ............................................................................................... 3

*Nadaf-Rahrov v. Neiman Marcus Group, Inc.*,
  166 Cal.App.4th 952 .................................................................................................... 4, 6

*Robertson v. Neuromedical Ctr.*,
  161 F.3d 292 (5th Cir. 1998) ............................................................................................. 3

*Thornhill Publishing Co., Inc. v. GTE Corp.*,
  594 F.2d 730 (9th Cir. 1979) ............................................................................................. 6

*Tubbs v. Formica Corp.*,
  107 Fed.Appx. 485 (6th Cir. 2004) .................................................................................... 3

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

1

## TABLE OF AUTHORITIES
### (CONTINUED)

2

PAGE

3      *Tyndall v. National Educ. Ctrs.,*
            31 F.3d 209 (4th Cir. 1994) ................................................................................................... 1

4

5      *Univ. of S. Calif. v. Superior Court,*
            222 Cal.App.3d 1028 (1990) ............................................................................................... 10

6

7      *Walsh v. United Parcel Service,*
            201 F.3d 718 (2000) ........................................................................................................... 3, 6

8      *Wilson v. County of Orange,*
            169 Cal.App.4th 1185 (2009) ................................................................................................. 1

9

10     *Wysinger v. Automobile Club of S. Calif.,*
            157 Cal.App.4th 413 (2007) ................................................................................................... 7

11     **STATUTES**

12     Gov't Code § 12940 ................................................................................................................... 2

13     Gov't Code § 12940(a)(1) ......................................................................................................... 8

14     Gov't Code § 12940(n) ........................................................................................................... 6, 7

15     Gov't Code § 12926(s) ............................................................................................................... 4

16

17

18

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

## I.   INTRODUCTION

Plaintiff attempts to create disputed material facts where none exist by citing voluminous irrelevant, inadmissible deposition testimony which neither contradicts Sears's Undisputed Material Facts ("UMFs") nor supports Plaintiff's Undisputed Material Facts (PUMFs).  Once the Court looks beyond the smoke screen Plaintiff attempts to create, it will see that Plaintiff fails to state his *prima facie* cases and fails to establish any genuine issues of material fact as to at least one essential element of each claim.  Accordingly, Sears requests that its motion be granted in its entirety.

## II.   PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM FAILS FOR THREE REASONS.

To establish a *prima facie* case for failure to accommodate Plaintiff has to show both:  (1) he was qualified to perform the essential functions of the position; <u>and</u> (2) Sears failed to reasonably accommodate his disability.  *Wilson v. County of Orange*, 169 Cal.App.4th 1185, 1192 (2009).  It is Plaintiff's burden to establish the elements of his *prima facie* case.  *Green v. State of Calif.*, 42 Cal.4th 254, 267 (2009).  If a plaintiff establishes his *prima facie* case, an employer may still prevail on summary judgment if it can establish:  (1) that a reasonable accommodation was offered and refused; (2) there were no suitable vacant positions; (3) or the informal interactive process broke down because the employee failed to engage in discussions in good faith.  *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 263 (2000).  Here, Plaintiff fails to establish the elements of his *prima facie* case.  But even if he did not, Sears should still prevail because Plaintiff failed to engage in good faith in the interactive process with Sears.

### A.   Plaintiff Fails To Show He Was Qualified To Perform His Job Duties.

Plaintiff fails to address Sears' first argument, that he was not qualified to perform the essential functions of his position because he was repeatedly absent from work.  (Oppo., 5:2-6:12.)  "[E]except in the unusual case where an employee can effectively perform all work-related duties at home, an employee who does not come to work cannot perform any of his job functions, essential or otherwise."  *Tyndall v. National Educ. Ctrs.*, 31 F.3d 209, 213-214 (4th Cir. 1994); *Brenneman v. Medcentral Health Sys.*, 366 F.3d 412, 418-420 (6th Cir. 2004); *Carr v. Reno*, 23 F.3d 525, 529-530

1   (D.C. Cir. 1994); *E.E.O.C. v. Yellow Freight Systems, Inc.*, 253 F.3d 943 (7th Cir. 2001); *Jackson v.*

2   *Veterans Admin.*, 22 F.3d 277 (11th Cir. 1994).[1]

3          Plaintiff admits that regular and timely attendance was an essential job function for his

4   position. (UMFs 1-2.)  But Plaintiff also admits he came in late at least 30 times.  (Oppo., 6:3-11;

5   PUMF 136.)  Plaintiff further admits that when his condition was severe, he could not work at all.

6   (PUMF 122.)  As a result, Plaintiff took several leaves of absence including three months in early

7   2008 and more than four months starting in December 2008.  (PUMF 133, 134, 151; UMFs 3, 4, 7,

8   8.)  Indeed, Plaintiff was not working as of June 5, 2009, and his doctor told him not to return to

9   work at all until at least September 2009.  (UMF 7, 8; PUMF 151.)  Therefore, from January through

10  August 2009, Plaintiff was available to work for only about one month, less than 15% of the time.

11  During his time off, Plaintiff was not performing <u>any</u> of his job duties, essential or otherwise.  Thus,

12  Plaintiff cannot establish that he was qualified to perform the essential functions of his job at or

13  around the time his employment ended.  As such, he cannot establish a *prima facie* case.[2]

14          **B.     Alternatively, Plaintiff Could Not Perform the Required Physical Labor.**

15          An employer can require that an employee be able to engage in extensive physical activity as

16  a *bona fide* occupational qualification justifying a disabled employee's discharge.  *Hegwer v. Board*

17  *of Civil Service Comm'rs of City of Los Angeles*, 5 Cal.App.4th 1011, 1024-1025 (1992) (weight and

18  fitness standards); Gov't Code § 12940.  Here, Plaintiff admits that his job required him to engage in

19  physical labor.  (UMFs 9-10.)  In his Complaint, Plaintiff admits that he was unable to perform the

20  _____

21  [1] Plaintiff cites *Jensen*, *supra*, 85 Cal. App. 4th 55, in opposition to Sears' motion. However, *Jensen*
    does not assist Plaintiff as it has nothing to do with whether the failure to be able to work for

22  extended periods of time establishes that an individual is not qualified for his position. *Jensen*
    makes it clear that it is a plaintiff's burden to establish that he is a "qualified individual" for the job

23  at issue.  *Id.* at 256.  Plaintiff fails to establish he was qualified for any job at the time his
    employment ended.

24  [2] Plaintiff's reliance on Dr. Murad's testimony to show that he was qualified to perform his job
    duties is misplaced.  (See PUMFs 120-122, 124-129.)  Dr. Murad admitted repeatedly that he has

25  limited experience with ulcerative colitis and is not an expert.  (Declaration of Kirk D. Hanson in
    Oppo. to Sears's Motion for Summary Judgment ("Hanson Decl."), Ex. F, 17:12-22, 33:1-6, 37:6-

26  22, 40:10-17; Supplemental Decl. of Caryn M. Anderson in Support of Motion for Summary
    Judgment ("Anderson Decl.), ¶ 2, Ex. 1, 47:7-13.)  Dr. Murad also testified that he hadn't formed his

27  opinions about Plaintiff's condition until a few days before when Plaintiff showed up and told him
    how to testify.  (Anderson Decl., Ex. 1, 12:10-13:4, 34:24-36:11.)  Accordingly, Dr. Murad's

28  opinions are inadmissible because he is not qualified to testify as an expert as to this matter and
    because his opinions lack proper foundation. Fed. Rules of Evid. ("FRE") 720, 801.

ʼTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF. SEARS' MEMORANDUM OF POINTS     2.     Case No.  11cv1541 MMA (JMA)
AND AUTHORITIES ISO MSJ

1    "intense" physical labor his job required because of his medical condition in May 2009.  (UMF 11;

2    Compl., ¶ 8(d).)  A party is conclusively bound by factual allegations in his pleadings.  *American*

3    *Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

4         Sears would have had to eliminate essential job functions from Plaintiff's position to not

5    require Plaintiff to perform the physical labor of his job.  Sears is not required to do so as a matter of

6    law.  *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 295 (5th Cir. 1998); *Larkins v. CIBA Vision*

7    *Corp.*, 858 F.Supp. 1572, 1583 (N.D. Ga. 1994).  Plaintiff makes no attempt to argue to the contrary

8    and, therefore, fails to raise a genuine issue of material fact as to his lack of qualification to perform

9    his job's physical labor.  For this additional reason his claim fails.

10        **C.    Plaintiff Does Not Establish That Sears Failed To Accommodate His Disability.**

11        As stated below, Plaintiff does not establish a genuine material dispute as to whether Sears

12   failed to accommodate his disability.  Plaintiff cites *A.M. v. Albertsons,* 178 Cal.App.4th 455 (2009)

13   for the proposition that, because Sears once granted Plaintiff a leave or a transfer, it was duty bound

14   to provide him with a leave or a transfer every time he wanted one.  (Oppo., 7:11-14.)  However, in

15   *A.M.*, an employee had been granted an accommodation for frequent restroom breaks.  *Id.* at 457.  A

16   new manager was unaware of the employee's accommodation and refused her request for a break.

17   *Id.* at 458.  The *A.M.* court held that the employer was duty bound to provide the restroom break

18   because it had already agreed to provide frequent restroom breaks as an accommodation.  *Id.* at 464.

19        In contrast, an employer is not required "to wait indefinitely for an employee's medical

20   condition to be corrected."  *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 226-227 (1999);

21   *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995).  Indeed, where an employer has already provided a

22   substantial leave, an additional leave period of a significant duration, with no clear prospects for

23   recovery, is an objectively unreasonable accommodation.  *Walsh v. United Parcel Service*, 201 F.3d

24   718, 728 (2000); *Tubbs v. Formica Corp.*, 107 Fed.Appx. 485, 488 (6th Cir. 2004); *Conners v.*

25   *Spectrasite Communs., Inc.*, 465 F.Supp.2d 834, 855 (S.D. Ohio 2006).  Further, a reasonable

26   accommodation is one that enables the employee to enjoy an equal opportunity for benefits and

27   privileges of employment.  *Howell v. Michelin Tire Corp.*, 860 F.Supp. 1488, 1492 (M.D. Alab.

28   1994).  Plaintiff's medical records reflect that a transfer to another position would not have enabled

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101-3577
619.232.0441

DEF. SEARS' MEMORANDUM OF POINTS
AND AUTHORITIES ISO MSJ          3.     Case No.  11cv1541 MMA (JMA)

1  him to continue working.  (UMF 15.)  Indeed, when Plaintiff's condition flared he was prevented

2  from working in any capacity such that a later start time or limited duty could not have

3  accommodated his condition.[3]  (UMFs 16, 17.)  As a transfer would not have enabled Plaintiff to

4  keep working, it was not a reasonable accommodation.[4]

5        Finally, Plaintiff's contention that he was fired during a medical leave approved by a

6  supervisor lacks factual support.  (Oppo., 7:13-23.)  Plaintiff admits he did not provide Sears with a

7  doctor's note excusing him from work from June 5 through June 20, 2009, until July 24, 2009.

8  (UMF 29.)  Thus, Plaintiff cannot show that Foss knew Plaintiff intended to be out for more than a

9  few sick days.  Further, *Calif. Fair Empl. & Housing Comm'n v. Gemini Aluminum Corp.*, 122

10  Cal.App.4th 1004 (2004) addresses whether a management committee was charged with the

11  knowledge of one of its members.  *Id.* at 1015.  It does not establish that Foss is a supervisor within

12  the meaning of the FEHA.  Gov't Code § 12926(s).  Indeed, Plaintiff needed the benefits

13  department's approval for a medical leave.  (See PUMF 151, citing Foss Depo., 55:14-56:10.)  Thus,

14  there is no admissible evidence before the Court that Plaintiff was on an approved leave at the time

15  his employment ended.

16        **D.**    **Plaintiff Failed to Engage in the Interactive Process in Good Faith.**

17        Even if Plaintiff stated a *prima facie* case, Sears is still entitled to summary judgment

18  because, as discussed below, the informal interactive process broke down as a result of Plaintiff's

19  failure to engage in discussions in good faith.  *Jensen*, 85 Cal.App.4th at 263, 265-266.  An

20  employee is responsible for understanding his own physical condition well enough to present the

21  employer <u>at the earliest opportunity</u> with a concise list of restrictions needed to accommodate the

22  employee.  *Id.* at 266.  Here, Plaintiff admits that he did not even provide his doctor's notes to Sears

23  for his June 2009 absences until July 24, 2009.  (UMF 29.)

24

25  [3] As above, Dr. Murad's alleged opinions to the contrary are inadmissible expert testimony lacking proper foundation and do not create a dispute as to a material fact.  FRE 702, 703.  Likewise,

26  Plaintiff and Foss's testimony as to the effect of Plaintiff's medical condition on his ability to work are inadmissible opinion testimony by lay witnesses.  FRE 701.

27  [4] In any event, Plaintiff failed to establish what other positions were actually open and that he was qualified for such a position.  *Jensen*, 85 Cal.App.4th at 256; *Nadaf-Rahrov v. Neiman Marcus*

28  *Group, Inc.*, 166 Cal.App.4th 952, 977.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101.3577
619.232.0441

DEF. SEARS' MEMORANDUM OF POINTS
AND AUTHORITIES ISO MSJ      4.     Case No.  11cv1541 MMA (JMA)

III.   **PLAINTIFF'S *PRIMA FACIE* CASE FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS ALSO FAILS AS A MATTER OF LAW.**

A.   **Plaintiff Fails to Show Sears Knew He Needed An Accommodation After May 4.**

Plaintiff tries, but fails, to create a genuine dispute as to a material fact regarding whether Sears knew he needed an accommodation after May 4, 2009.  (Oppo., 8:12-22.)  But PUMFs Nos. 156-158 all relate to Plaintiff's claimed phone conversation with Foerster about being able to come back to work in July.[5]  Plaintiff admits, however, that he stopped working as of June 5 and he was not permitted by his doctor to return to work at all until at least September 2009.  (PUMF 151; UMF 38, 39.)  As Plaintiff could not work at all at the time of his purported conversation, neither a later start time nor a transfer could have been helpful to him.  Additionally, Plaintiffs PUMFs 143, 144, and 148, fail to show that Plaintiff ever supported his alleged requests with medical documentation.

Further, Plaintiff admits his doctor released him to return to full work duties with no restrictions on May 4, 2009.  (UMF 18.)  Thereafter, Plaintiff never presented a doctor's note to anyone in human resources addressing a need for an accommodation.  (UMF 19.)[6]  Plaintiff's binding deposition testimony establishes that he never spoke directly to Foerster, Adams or 88Sears about his alleged need to change his start time at least until after he stopped coming to work in June.  (See UMF 20; PUMFs 156-158.)  Further, when Plaintiff complained about his job in emails to management, he never mentioned that he needed any type of an accommodation.  (UMF 22, 23.)

Finally, Plaintiff admits that the only accommodation he needed in May was a later start time.   (UMF 21.)   Therefore, Plaintiff's alleged requests for a transfer was not a required accommodation.  Thus, even according to Plaintiff's version of the facts, Sears had no way to know he needed an accommodation in the form of a changed schedule or a transfer after May 4, 2009, until at least after he had stopped coming in to work in June.

B.   **Plaintiff Failed To Engage In The Interactive Process In Good Faith.**

To state his *prima facie* case, Plaintiff must prove that he requested an accommodation <u>and</u>

---

[5] In his declaration, Plaintiff describes this purported conversation in detail including alleged facts he had no memory of during his deposition.  (Plaintiff Decl., ¶¶ 2-4; Hanson Decl., Ex. C, 67:6-19 (Plaintiff's depo.).)  A party cannot create an issue of fact by a declaration contradicting his or her own deposition.  See *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999).
[6] The testimony Plaintiff presents in dispute of this fact does not contradict it, but rather supports it. (Plaintiff's Response to UMF 19.)

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101.3577
619.232.0441

1   was willing to participate in an interactive process to determine whether a reasonable

2   accommodation could be made.  Judicial Counsel of California, Civil Jury Instructions ("CACI"),

3   No. 2546; Cal. Gov't Code § 12940(n); *Gelfo v. Lockheed Martin Corp.*, 140 Cal.App.4th 34, 54

4   (2006).  Here, Plaintiff admits he was released to return to work on May 4, 2009, without any work

5   restrictions.  (UMF 18.)  Plaintiff never thereafter presented a doctor's note to anyone in Human

6   Resources addressing an accommodation.  (UMF 19.)  None of his doctor's notes ever addressed a

7   need for any kind of accommodation and he never asked his doctor for such a note.  (UMFs 25, 26,

8   27, 28.)  Additionally, Plaintiff admits he did not provide his doctor's notes to Sears related to his

9   June 2009 absences until July 24, 2009.  (UMF 29.)  Accordingly, Plaintiff failed to cooperate in

10  good faith with Sears in providing information Sears needed to explore reasonable accommodations.

11  *King v. United Parcel Serv., Inc.,* 152 Cal.App.4th 426, 443 (2007); *Jensen*, 85 Cal.App.4th at 256.

12          **C.      Plaintiff Speculates That The Interactive Process Could Lead To A Reasonable
                       Accommodation.**

13

14          To state his *prima facie* case, Plaintiff must prove that a reasonable accommodation was

15  possible.  *Nadaf-Rahrov v. Neiman Marcus Group, Inc*., 166 Cal.App.4th 952, 981-982 (2008).

16  Instead, Plaintiff speculates that, because starting his shift late, medical leaves, and transfers were all

17  successful in the past, a reasonable accommodation would have been possible again.  (Oppo., 9:20-

18  10:5.)  This assertion is, however, nothing more than impermissible speculation unsupported by the

19  evidence.  *Thornhill Publishing Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

20          For instance, Plaintiff admits he had already taken a multiple, lengthy medical leaves as of

21  May 2009 and that he stopped coming to work on June 5.  (UMFs 30-31; PUMF 151.)  Plaintiff

22  offers no evidence that he was released to return to work in September 2009, with or without

23  accommodations, for any significant period of time.  (UMFs 38, 39.)  Where an employer has

24  already provided substantial leave, an additional leave of a significant duration, with no clear

25  prospects for recovery, is an objectively unreasonable accommodation.  *Walsh*, 201 F.3d at 728.

26          Additionally, Plaintiff claims he transferred into his position as a QMT as an

27  accommodation.  (PUMF 130.)  However, he then had to take significant medical leaves and

28  frequently start his shift late such that he was often not present to perform his job duties.  (PUMFs

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA  92101.3577
619.232.0441

DEF. SEARS' MEMORANDUM OF POINTS
AND AUTHORITIES ISO MSJ                     6.        Case No.  11cv1541 MMA (JMA)

1   134, 136, 151; UMFs 4, 7, 8, 30, 31, 32.)  Plaintiff voluntarily stepped down from the Auto Center

2   position after only a few weeks.[7]  (UMF 40.)  Plaintiff offers no evidence that these transfers, or

3   some other transfer, could put him in a better position to adequately perform his job duties.

4       *Wysinger v. Automobile Club of S. Calif.*, 157 Cal.App.4th 413 (2007) does not lead to a

5   contrary conclusion.  In *Wysinger*, the court held that jury verdicts that:  (1) an employer failed to

6   engage in the interactive process; *and* (2) the employer did not fail to provide a reasonable

7   accommodation can be consistent because these claims constitute two separate causes of action.  The

8   court said that the "jury could find there was no failure to provide a required accommodation

9   because the parties never reached the stage of deciding which accommodation was required."  *Id*. at

10  424-425.  The only conclusion applicable to this case under *Wysinger* is that, even if the Court

11  denies summary judgment on Plaintiff's failure to engage in the interactive process claim, it may still

12  grant summary judgment on Plaintiff's failure to accommodate claim.

13      Finally, because Plaintiff cannot establish that a reasonable accommodation was possible, he

14  cannot show that any failure on Sears's part to engage in the process could have been a substantial

15  factor in causing plaintiff's harm.  CACI No. 2546; Cal. Gov't Code § 12940(n); *Gelfo v. Lockheed*

16  *Martin Corp.*, 140 Cal.App.4th 34, 54 (2006).  Indeed, Plaintiff's harm, if any, would have occurred

17  regardless of anything Sears did or did not do.

18  **IV.   PLAINTIFF'S DISCRIMINATION/WRONGFUL TERMINATION CLAIM FAILS.**

19      To establish his *prima facie* case, Plaintiff must show:  (1) plaintiff is otherwise qualified to

20  do his job; (2) plaintiff suffered an adverse employment action;[8] and (3) Sears harbored

21  discriminatory intent.  *Avila v. Continental Airlines, Inc.*, 165 Cal.App.4th 1237, 1246-1247 (2008);

22  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 355 (2000).  If he fails to show any of these elements, his

23  *prima facie* case fails and Sears is entitled to summary judgment.

24      **A.   Plaintiff Cannot Show He Was Qualified For His Job.**

25      A plaintiff is a qualified individual with a disability protected by the FEHA if he "is able to

26

27  [7] Plaintiff characterizes this promotion as "failed."  (PUMF 163.)

28  [8] Plaintiff does not argue that he suffered an adverse employment action in the Auto Center position and, therefore, concedes that he did not.  (Motion, 20:25-21:7; UMF 40.)

'TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101.3577
619.232.0441

1  perform the essential duties of the position with or without reasonable accommodation."  *Green v.*

2  *State of California,* 42 Cal.4th 254, 267 (2007).  And, as discussed above, attendance at work can be

3  an essential function of a position such that excessive absenteeism can render an employee

4  unqualified for the position.  *Brenneman*, 366 F.3d at 418-420; *Lawler v. Montblanc N. America*,

5  *LLC*, Case No. 10-CV-01131-LHK, 2011 U.S. Dist. LEXIS 41339, *20 (N.D. Cal., April 15, 2011).

6  So can the ability to perform physical labor.  *Hegwer*, 5 Cal.App.4th at 1024-1025.

7        Here, Plaintiff fails to make any showing that he was qualified to do his job, with or without

8  an accommodation, in light of his admitted inability to be at work for months and to consistently

9  arrive on time.  (Oppo., 10:8-11:27; UMFs 1-4, 6-8, 36-37; PUMFs 122, 133, 134, 136, 151.)

10  Indeed, Plaintiff was available to work less than 15% of the time in 2009 before his termination in

11  August.  (UMFs 36-37; PUMF 151.)  And according to Plaintiff, he had been instructed by his

12  doctor not to return to work <u>at all</u> until at least September 5, 2009.  (UMF 38.)  Plaintiff has yet to

13  produce any evidence that his doctor has since released him to return to work, with an

14  accommodation or otherwise, for any significant period.  (UMF 39.)   Additionally, Plaintiff admits

15  that, in May 2009, he was unable to perform his job's physical labor.  (UMF 11; Compl., ¶ 8(d).)

16        Whether, as Plaintiff contends, Foss was a supervisor as meant by the FEHA, Foss approved

17  time off for Plaintiff in June, or Foss was unhappy about his transfer makes no difference.  (Oppo.,

18  10:8-11:2.)  Because Plaintiff was not qualified to perform his job, Plaintiff's job was not protected

19  by the FEHA.  *Green,* 42 Cal.4th at 267; Gov't Code § 12940(a)(1); 2 CCR § 7293.8(b).  The cases

20  cited by Plaintiff do not support his opposition and are not controlling.  For instance, *Gemini*, 122

21  Cal.App.4th, *supra*, is about religious discrimination, not about whether a plaintiff can perform his

22  job duties such that he is protected under the FEHA.  *Freeman v. Superior Court*, 44 Cal.2d 533, 537

23  (1955) is about prosecution for constructive contempt.  Accordingly, Plaintiff has not met his burden

24  of showing a *prima facie* case and Sears is entitled to summary judgment.

25        **B.    Plaintiff Cannot Show Sears Harbored Discriminatory Intent.**

26        To state a *prima facie* case, Plaintiff must also show "some other circumstance suggests

27  discriminatory motive."  *Guz*, 24 Cal.4th at 355.  But several of the alleged facts which Plaintiff

28  contends show discriminatory intent do not appear to have anything to do with Plaintiff's alleged

DEF. SEARS' MEMORANDUM OF POINTS
AND AUTHORITIES ISO MSJ                8.      Case No.  11cv1541 MMA (JMA)

1   disability or are ambiguous, at best. For instance, it is clear from the context that Foerster was

2   referring to Plaintiff staying out sick because of issues with his pay rather than the fact that he was

3   actually sick. (PUMF 158.) Additionally, Adams and Kamasugi's alleged statements appear to

4   relate, respectively, to Plaintiff stepping down from a promotion after only a few days and the fact

5   that Plaintiff was out sick. Regardless, these alleged statements are inadmissible hearsay. FRE 802.

6       Plaintiff offers no admissible evidence that Price was watching him related to his medical

7   condition or disability. (PUMF 164.) Foss's opinion that Sears retaliated against Plaintiff due to his

8   medical leaves and requests for accommodation is inadmissible because Foss had already transferred

9   to another store at the time of Plaintiff's termination and he, therefore, lacks personal knowledge and

10  is clearly speculating. FRE 602; see PUMF 153. Additionally, Foss's "letter" is nothing more than

11  inadmissible hearsay, speculation and legal conclusions. FRE 802. Finally, Plaintiff's assertion that

12  Foss was punished for granting Plaintiff's request for time off is nothing more than irrelevant

13  speculation contradicted by the evidence which Plaintiff cites. FRE 602; PUMF 153 (citing Foss's

14  Depo., 56:18-57:5). Indeed, Foss says he thought his transfer was related to helping Plaintiff with

15  his pay. (PUMF 153 (citing Foss's Depo., 56:18-57:5.) Accordingly, Plaintiff has not met his

16  burden of showing a *prima facie* case of wrongful termination based on disability and Sears is

17  entitled to summary judgment.

18  **V.   ALTERNATIVELY, SEARS ARTICULATES LEGITIMATE REASONS FOR**
       **PLAINTIFF'S TERMINATION WHICH PLAINTIFF FAILS TO SHOW ARE**
19     **PRETEXTUAL.**

20      Sears processed Plaintiff's termination because he stopped coming in to work, failed to

21  provide Sears with a doctor's note excusing his absence from work, and Sears either had not

22  received, or was unaware it had received, any response to the letter Foerster sent Plaintiff on July 23

23  advising Plaintiff his employment would be terminated for job abandonment. (UMF 49-52.)

24  Plaintiff does not dispute this. (*Id.*) Additionally, after he received Foerster's letter, Plaintiff sent

25  Sears an email saying that he considered himself terminated and asking for his last paycheck. (UMF

26  53.) Plaintiff admits he sent the email because he wanted to get money out of his 401(k) and

27  believed he had to be terminated to do so. (UMF 54.) These are legitimate reasons facially for the

28  ending of his employment unrelated to any prohibited bias for terminating Plaintiff.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101.3577
619.232.0441

DEF. SEARS' MEMORANDUM OF POINTS
AND AUTHORITIES ISO MSJ          9.      Case No. 11cv1541 MMA (JMA)

For Plaintiff to meet his burden of establishing the stated reasons for his termination are false and that unlawful discrimination was the real reason, Plaintiff must produce "specific substantial evidence" that the stated reasons are either false or pretextual, evidence that Sears acted with discriminatory animus, or evidence of both such that it would permit a reasonable trier of fact to conclude that Sears intentionally discriminated against him.   *Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal.App.4th 798, 806-07 (1999); *Caldwell v. Paramount Unified Sch. Dist.*, 41 Cal.App.4th 189, 197 (1995); *Univ. of S. Calif. v. Superior Court*, 222 Cal.App.3d 1028, 1036 (1990).   Suspicions of improper motives based primarily on conjecture and speculation are not sufficient to meet this burden.   *Crosier v. United Parcel Service, Inc.*, 150 Cal.App.3d 1132, 1139 (1983).   As discussed above, Plaintiff has not established that Sears acted with discriminatory animus.   Plaintiff offers no, let alone specific and substantial, evidence that the states reasons are false or pretextual.   And, Plaintiff's binding deposition admissions set out in the opening brief and the separate statement clearly establish that no such evidence exists.   Accordingly, Plaintiff fails to meet his burden and Sears is entitled to summary judgment.

## VI.   PLAINTIFF DOES NOT DISPUTE HIS CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY FAILS IF HIS OTHER CLAIMS FAIL.

Finally, as all of Plaintiff's claims under the FEHA fail, so too does his claim for termination in violation of public policy.   *Jennings v. Marralle*, 8 Cal.4th 121, 132-136 (1994).   Plaintiff's opposition does not dispute this and as such, summary judgment should be granted as to this claim.

## VII.   CONCLUSION

For the reasons stated herein and in Defendant's memorandum supporting its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, there are no genuine issues as to any material facts and each of Plaintiff's claims fail as a matter of law.

Dated: June 11, 2012

/s/ Jody A. Landry
JODY A. LANDRY
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SEARS, ROEBUCK AND CO.

TTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA. 92101.3577
619.232.0441

DEF. SEARS' MEMORANDUM OF POINTS
AND AUTHORITIES ISO MSJ          10.          Case No.  11cv1541 MMA (JMA)