1    JODY A. LANDRY, Bar No. 125743
     CARYN M. ANDERSON, Bar No. 247038
2    LITTLER MENDELSON, P.C.
     501 W. Broadway, Suite 900
3    San Diego, CA 92101.3577
     Telephone:    619.232.0441
4    Email: jlandry@littler.com
     Email: cmanderson@littler.com
5    Attorneys for Defendant
     SEARS, ROEBUCK AND CO.
6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10   ANTHONY V. NIGRO,                    Case No. 11cv1541 MMA (JMA)

11               Plaintiff,               DEFENDANT'S REPLY TO PLAINTIFF'S
                                          RESPONSE TO DEFENDANT'S
12        v.                              STATEMENT OF UNDISPUTED
                                          MATERIAL FACTS SUPPORTING SEARS'
13   SEARS, ROEBUCK AND CO.,              MOTION FOR SUMMARY JUDGMENT,
                                          OR, IN THE ALTERNATIVE, PARTIAL
14               Defendants               SUMMARY JUDGMENT;  &

15                                        DEFENDANT'S RESPONSE TO
                                          PLAINTIFF'S SEPARATE STATEMENT
16                                        OF UNDISPUTED MATERIAL FACTS IN
                                          OPPOSITION TO SUMMARY JUDGMENT
17
                                          [Fed. Rule of Civ. Proc. 56]
18
                                          Date:      June 18, 2012
19                                        Time:      2:30 p.m.
                                          Judge:     Hon. Michael M. Anello
20                                        Courtroom: 5

21                                        Complaint Filed: May 27, 2011
                                          Trial Date: January 8, 2013
22

23
          Defendant SEARS ROEBUCK & CO., ("Defendant" or "Company") hereby respectfully
24
     submits the following Objections to Plaintiff ANTHONY V. NIGRO'S ("Plaintiff") Separate
25
     Statement of Disputed Facts in Opposition to Motion for Summary Judgment, or, In the Alternative,
26
     Partial Summary Judgment; and Plaintiff's Separate Statement of Undisputed Material Facts in
27
     Opposition to Summary Judgment submitted by Plaintiff in his attempt to defeat the pending motion.
28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE               1
STATEMENT ISO MSJ                        Case No. 11cv1541 MMA (JMA)

# I.   PLAINTIFF'S FIRST CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 1.  Sears's Attendance Policy and Associate Handbook say that Sears considers regular and timely attendance an essential job function of all hourly positions. [Declaration of Carole Vance ("Vance Decl."), ¶ 3, Ex. B; Declaration of Pamela Fowler ("Fowler Decl."), ¶ 7, Ex. D, p. 34.] | Disputed to the extent Sears's policy conflicts with California law. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact. |
| 2.  The written job description applicable to Plaintiff required Plaintiff to be on-site to conduct maintenance of the interior and exterior of the building. [Plaintiff's Depo. 68:1-13, 71:13-24 and its Exhibit 7, p. 3-4; *see* Foerster's Depo., 53:15-18; Adams Depo., 45:14-17] | Undisputed. | UNDISPUTED. |
| 3.  Plaintiff was out on a medical leave for at least three months in 2008. [Plaintiff's Depo., 107:9-108:10, 111:4-8 and its Exhibit 13.] | Undisputed. | UNDISPUTED. |
| 4.  Plaintiff went out on a medical leave lasting from December 27, 2008, until May 4, 2009. [Plaintiff's Depo., 77:24-78:3, | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    2                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 130:22-25, 137:16-20; Vance Decl., ¶ 2, Ex. A. ] | | |
| 5.  When Plaintiff went out on leave in December 2008, he told Sears he did not think he would be able to return. [Petty's Depo. 47:8-22.] | Disputed. Nigro Depo., 120/3—123/2, and Exhibit 18 to Nigro Depo. | UNDISPUTED.  Plaintiff does not submit any evidence to dispute the proffered fact. Instead, Plaintiff cites evidence that is neither relevant nor probative to how *Plaintiff* estimated the duration of his December 2008 leave. Plaintiff concedes that *Dr. Murad* believed he would be out for four months. (Nigro Depo. 122:2-6 & Ex. 18 to Nigro Depo both attached as Ex. C to the Declaration of Kirk D. Hanson In Opposition to Sears's Motion for Summary Judgment ("Hanson Decl."), ¶ 4.) Plaintiff admits that "I believe I just signed [the leave form] and put the store number" and that Dr. Murad filled out the remaining information.    (Nigro Depo. 121:12-121:20 attached as Ex. C to Hanson Decl., ¶ 4) |
| 6.  Plaintiff returned to work on May 4, 2009. [Plaintiff's Depo., 138:11-13.] | Undisputed. | UNDISPUTED. |
| 7.  Plaintiff stopped coming in to work as of June 5, 2009. [Plaintiff's Depo., 163:6-8; 170:1-3.] | Disputed. Nigro Declaration, ¶¶2, 6; Foss Depo., 55/14—64/13. | UNDISPUTED.  Plaintiff does not submit any evidence to dispute the proffered fact. Plaintiff's declaration in fact establishes that "my medical leave began on June 5, 2009." (Declaration of Anthony V. Nigro In Opposition to Sears's Motion for Summary Judgment |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT      3      Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
| --- | --- | --- |
| | | ("Nigro Decl.") ¶ 2.) Although Plaintiff's evidence is otherwise wholly irrelevant to the proffered fact, in the event the Court disagrees, Plaintiff cannot raise a triable issue of material fact by disputing his prior deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 8.  Plaintiff was instructed by his doctor not to return to work at all until September 5, 2009. [Plaintiff's Depo., 184:16-185:4, 199:2-11 and its Exhibit 40, p. 3.] | Undisputed. | UNDISPUTED. |
| 9.  To do his job, Plaintiff had to engage in physical labor including bending, stooping, and kneeling, climbing stairs and ladders and lifting and moving fixtures, racks and merchandise. [Plaintiff's Depo., 101:21- 102:20.] | Undisputed. | UNDISPUTED. |
| 10.  Plaintiff's job required him to take "care of the entire building ... from the floor to ceiling." [Plaintiff's Depo., 30:2-10.] | Undisputed | UNDISPUTED. |
| 11. In May 2009, Plaintiff was unable to perform the | Disputed.  Nigro Depo., 144/22—25;  Nigro Depo., | UNDISPUTED.  Plaintiff does not submit any admissible evidence to dispute the proffered |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| intense physical labor required by his job because of his medical condition. [Complaint, ¶ 8(d).] | 233/21—235/8; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; 235/9—20; Foss Depo., 84/12—11; Nigro Depo., 244/17—245/12. | fact. Rather, Plaintiff's evidence is irrelevant to the proffered fact as it relates only to his alleged requests for a later start time and contains inadmissible hearsay. (FRE 402, 802.) In addition, Plaintiff is conclusively bound by factual allegations in his pleadings. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

Plaintiff cannot create a triable issue of fact by contradicting the allegations of his Complaint and his prior deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999).

Plaintiff's deposition testimony regarding his condition during May 2009 in fact supports the proffered fact:

Q: "Did Dr. Murad ever tell you that he believed you needed a later start time?"

A: … "[T]he physical labor of the – of that job, or maybe any other job was causing me more flare-ups. And I told him [Dr. Murad], the only way that it seems to help me is if I go in later, or if I can just completely get out of doing maintenance…." (Plaintiff's Depo. 143:25 – 144:11 attached as Ex. 2 to Supplemental Declaration of Caryn M. Anderson in Support of Motion for Summary Judgment or In the Alternative, Partial Summary Judgment |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

5

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | ("Supplemental Anderson Decl.), ¶ 3.) |
| 12. Changing his start time was the only accommodation Plaintiff needed to do his job. [Plaintiff's Depo., 91:22-92:3, 194:1-9.] | Undisputed. | UNDISPUTED. |
| 13. There was never a day that Plaintiff needed to come in at 9:00 a.m. instead of 6:00 a.m. and was not allowed to do so. [Plaintiff's Depo., 84:19-85:6, 85:18-86:25, 87:8-16; Foss's Depo., 34:14-18.] | Disputed. Foss Depo., 29/25—32/30;  34/14—22;  Nigro Depo.,  85/22—86/17; 139/22—140/15;  141/1—142/9; Nigro Depo., 235/9—20; Nigro Depo., 244/17—245/12. | This fact is not materially disputed and therefore remains UNDISPUTED.<br><br>Plaintiff does not submit any admissible evidence to dispute the proffered fact.  Plaintiff's deposition testimony speaks for itself:<br><br>Q: So was there ever a time you needed to come in late, on a day that you actually worked, that you weren't allowed to come in late?<br><br>A: I can't – I can't think of one offhand right now. (Plaintiff's Depo. 87:11-16 attached as Ex. A to the Declaration of Caryn M. Anderson in Support of Sears's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Anderson Decl."), ¶ 2.)<br><br>Plaintiff cannot create a triable issue of fact by contradicting the allegations of his Complaint and his prior deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                6                Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 14. When Plaintiff asked for time off in June 2009 because he was sick, Sears allowed him to take it. [Plaintiff's Depo., 163:6-8; Foss's Depo., 55:14-56:4.] | Undisputed. | UNDISPUTED. |
| 15. Plaintiff's medical records reflect that a transfer to another position would not have enabled him to continue working. [Declaration of Dr. Bressler ("Bressler's Decl."), ¶¶ 4, 6-8, 10.] | Disputed. Nigro Depo., 100/25—101/7; Nigro Depo., 57/22—58/21; 93/18—95/5; Nigro Depo., 63/19—65/6; 114/3—116/10; Murad Depo., 22/14—16 | This fact is not materially disputed and therefore remains UNDISPUTED.

Plaintiff does not submit any admissible evidence to dispute the proffered fact. Any testimony, relayed by Plaintiff as to what Dr. Murad may have told him is inadmissible hearsay. (FRE 802.) In addition, Plaintiff lacks the requisite medical expertise to competently opine what job transfers would have been possible in light of his medical condition, and thus his testimony is improper opinion testimony. (FRE 701.)

Plaintiff's reliance on Dr. Murad's testimony to show that he was qualified to perform his job duties is similarly misplaced. Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶7; and Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.).) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          7          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | days before when Plaintiff showed up and told him how to testify. (Murad Depo. 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Accordingly, Dr. Murad's opinions are inadmissible expert testimony lacking proper foundation. (FRE 702.) In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue of fact because his testimony is based neither on facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself: <br><br> Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time? <br><br> A: *I honestly don't know the answer to that*. I'm not sure – I know what his work duties were as far as he had trouble getting to the bathrooms. So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that. *I don't know if I thought about that at that time or whether the question came up*. (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    8                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 16. When Plaintiff's condition flared, he was prevented from working in any capacity such that a later start time or limited duty could not have accommodated his condition. [Bressler's Decl. at ¶¶ 4-10.] | Disputed. Murad Depo., 43/5—44/25; Nigro Depo., 81/25—85/6; 91/22—92/3; 194/2—9; 226/25—227/6; Murad Depo., 22/14—16; Foss Depo., 25/3—27/19. | This fact is not materially disputed and therefore remains UNDISPUTED. Plaintiff does not submit any admissible evidence to dispute the proffered fact. Plaintiff's reliance on Dr. Murad's testimony to show that he was qualified to perform his job duties is misplaced. Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶7; and Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.).) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few days before when Plaintiff showed up and told him how to testify. (Murad Depo. 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Accordingly, Dr. Murad's opinions are inadmissible expert testimony lacking proper foundation. (FRE 702.) In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue of fact because his testimony is based neither on facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself: |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    9                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time?<br><br>A: *I honestly don't know the answer to that.* I'm not sure – I know what his work duties were as far as he had trouble getting to the bathrooms. So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that. *I don't know if I thought about that at that time or whether the question came up.* (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.)<br><br>Plaintiff's own testimony cannot create a triable issue of fact where it is inadmissible improper opinion testimony. (FRE 701.) Here, where the issue is whether a later start time made any *objective medical impact* on Plaintiff's ulcerative colitis (not whether Plaintiff *subjectively believed* it had an impact) Plaintiff lacks the requisite medical expertise to offer any probative testimony. (*Id.*; *see also* Cal. Gov't Code § 12940, subd. (a)(1) which recognizes that an employer needs to evaluate whether a disabled employee presents a health risk to himself.) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          10          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | In addition, Plaintiff cannot create a triable issue of fact with inadmissible hearsay. (FRE 802.)

Finally, Foss's testimony fails to dispute and is irrelevant to the proffered fact. (FRE 402.) |
| 17. A transfer to a position which was less physically demanding would not have helped Plaintiff work during a flare of his condition. [Bressler's Decl. at ¶ 6.] | Disputed. Nigro Depo., 100/25—101/7; Nigro Depo., 57/22—58/21; 93/18—95/5; Nigro Depo., 63/19—65/6; 114/3—116/10; Murad Depo., 22/14—16. | This fact is not materially disputed and therefore remains UNDISPUTED.

Plaintiff does not submit any admissible evidence to dispute the proffered fact. Any testimony, relayed by Plaintiff as to what Dr. Murad may have told him is inadmissible hearsay. (FRE 802.) In addition, Plaintiff lacks the requisite medical expertise to competently opine what job transfers would have been possible in light of his medical condition, and thus his testimony is improper opinion testimony. (FRE 701.)

Plaintiff's reliance on Dr. Murad's testimony to show that he was qualified to perform his job duties is similarly misplaced. Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶7; and Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.).) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few days before when Plaintiff showed up and told him how to testify. (Murad Depo. 12:12- |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

11

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
|  |  | 13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Accordingly, Dr. Murad's opinions are inadmissible expert testimony lacking proper foundation. (FRE 702.) In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue of fact because his testimony is based neither on facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself: |

Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time?

A: *I honestly don't know the answer to that.* I'm not sure – I know what his work duties were as far as he had trouble getting to the bathrooms. So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that. *I don't know if I thought about that at that time or whether the question came up.* (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

12

Case No. 11cv1541 MMA (JMA)

## II.   PLAINTIFF'S SECOND CAUSE OF ACTION FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 18.  As of May 4, 2009, Plaintiff's doctor released him to return work without any restrictions on his work duties. [Declaration of Caryn M. Anderson ("Anderson Decl."),¶¶ 7-8, Exs. F, G (Response to Request for Admission No. 2); Plaintiff's Depo., 137:16-20, 139:16-18, Vance Decl., ¶ 2, Ex. A.] | Undisputed. | UNDISPUTED. |
| 19.  After May 4, 2009, Plaintiff never presented a doctor's note to anyone in human resources addressing a need for any kind of accommodation. [Plaintiff's Depo., 233:21- 24.] | Disputed. Nigro Depo., 139/5—21; 233/21—234/1; Nigro Decl., ¶4. | UNDISPUTED.  Plaintiff does not submit any admissible evidence to dispute the proffered fact.  Plaintiff's deposition testimony unequivocally this fact:   Q: Okay. In May or June of 2009, did you present any note to anyone in HR about any need for accommodation?   A: I did not present a note. … (Plaintiff's Depo. 233:21-24, attached as Ex. C to the Hanson Decl., ¶ 4 & as Ex. A to the Anderson Decl., ¶ 2.)   Plaintiff cannot create a triable issue of fact by contradicting the allegations of his Complaint and his prior deposition testimony. *See Radobenko v. Automated Equipment Corp.,* |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

13

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
| --- | --- | --- |
| | | 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 20. Plaintiff never spoke directly to Foerster, Adams or 88Sears about his alleged need to change his start time. [Plaintiff's Depo. 143:7-23.] | Disputed. Nigro Decl., ¶¶3, 4; Nigro Depo., 216/21—217/10; Nigro Depo., 66/19—67/12. | UNDISPUTED. Plaintiff does not submit any admissible evidence to dispute the proffered fact. Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact by contradicting Plaintiff's own deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). At deposition Plaintiff testified: Q: Did you speak to Mr. Foerster about your start time? A: No, I did not. (Plaintiff's Depo. 143:7-9 attached as Ex. A to the Anderson Decl., ¶ 2.) Plaintiff does not attempt to dispute that he never spoke to Adams or 88Sears about his alleged need to change his start time. |
| 21. The only accommodation Plaintiff needed after May 4, 2009, was a change to his start time. [Plaintiff's Depo., 194:1-9.] | Undisputed as to the month of May 2009. | This fact is not materially disputed, and therefore, is UNDISPUTED. Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | proffered fact. |
| 22. When Plaintiff complained about retaliation, he never mentioned that he needed some kind of accommodation. [See Fowler Decl., ¶ 5, Ex. C; Plaintiff's Depo., 156:10-20 and its Exhibit 28.] | Disputed. Exhibit 28 references Plaintiff's Leave of Absence ("LOA"), which is an accommodation. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response misconstrues the proffered fact that Plaintiff never mentioned the need for an accommodation (in the future) and is therefore argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact. |
| 23. In June 2009, Plaintiff never mentioned he considered himself disabled or needed any sort of accommodation in the email he sent to management complaining about his job. [Plaintiff's Depo., 163:14-165:6 and its Exhibit 30.] | Undisputed. | UNDISPUTED. |
| 24. When Plaintiff called in sick in June and July 2009, he gave no information about his condition that would have advised Sears that he needed an accommodation. [Plaintiff's Depo., 179:2-17.] | Disputed. Petty Depo., 100/14—101/16; 102/19—103/6; 104/6—20 and Exhibits 37, 38, and 39 to Petty Depo.; Nigro Decl., ¶3; Nigro Depo., 167/24—169/25; 202/13—204/22 and Exhibit 32 to Nigro Depo.; Declaration of Roy Anguiano; Nigro Decl., ¶3; Nigro Depo., 216/21—217/10; Petty Depo., 108/21—109/7; 151/19—152/6 and Exhibit 42 to Petty Depo. | UNDISPUTED. Plaintiff does not submit any admissible evidence to dispute the proffered fact.<br><br>Neither Petty's testimony (which merely authenticates the four exhibits), the exhibits to her deposition, nor Anguiano's declaration dispute Plaintiff's own testimony that he advised Sears only "Just that I was calling out sick. I didn't leave any personal information …." (Plaintiff's Depo. 179:14-17 attached as Ex. A to the |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    15                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Anderson Decl., ¶ 2.) |
| | | Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact by contradicting Plaintiff's own deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, (1999). At deposition Plaintiff testified:<br><br>Q: Did you speak to Mr. Foerster about your start time?<br><br>A: No, I did not. (Plaintiff's Depo. 143:7-9 attached as Ex. A to the Anderson Decl., ¶ 2.)<br><br>In addition, Plaintiff's cited testimony lacks foundation and is speculative. (FRE 602.)<br><br>Similarly, Plaintiff cites his own deposition testimony that also fails to materially dispute the proffered fact. Thus, this fact remains UNDISPUTED. |
| 25. The doctor's note Plaintiff provided to Sears excusing his absence through June 20, 2009, did not state any work restrictions. [Plaintiff's Depo., 199:2-11 and its Exhibit 40, p. 4.] | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          16          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 26. Plaintiff never asked his doctor for a note indicating that he needed to change his schedule as an accommodation. [Plaintiff's Depo., 83:20-23.] | Undisputed because a doctor's note was never requested by Sears. Foss Depo 25/3—27/19; Nigro Depo., 139/5—21; 233/21—234/1; Nigro Decl., ¶4. | This fact is not materially disputed, and therefore, is UNDISPUTED. <br><br> Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact. Instead, Plaintiff submits irrelevant evidence. (FRE 402.) <br><br> In addition, Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact. See Radobenko v. Automated Equipment Corp., 520 F.2d 540 (9th Cir. 1975); Cleveland v. Policy Mgmt. Sys., 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 27. Plaintiff never attempted to get a note from his doctor indicating that he needed to change his position to one requiring less physical labor because of his health condition. [Plaintiff's Depo., 97:19-24.] | Undisputed because a doctor's note was never requested by Sears. Foss Depo., 25/3—27/19; Nigro Depo., 139/5—21; 233/21—234/1; Nigro Decl., ¶4. | This fact is not materially disputed, and therefore, is UNDISPUTED. <br><br> Plaintiff's response is argumentative and irrelevant. (FRE 402.) Plaintiff does not submit any admissible evidence to dispute the proffered fact. <br><br> In addition, Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact. See Radobenko v. Automated Equipment Corp., 520 F.2d 540 (9th Cir. 1975); Cleveland v. Policy Mgmt. Sys., 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 28. The doctor's note Plaintiff | Undisputed. | UNDISPUTED. |

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| provided to Sears excusing his absence through June 20, 2009, did not state any work restrictions. [Plaintiff's Depo., 199:2-11 and its Exhibit 40, p. 4.] | | |
| 29.  Plaintiff did not provide Sears with the doctor's note excusing him from work from June 5 until June 20, 2009, before July 24, 2009. [Plaintiff's Depo., 182:10-182:12, 182:22-183:5; 184:16-185:4, 199:2-11 and its Exhibit 40, p. 4.] | Undisputed because a doctor's note was never requested by Sears. Nigro Decl., ¶4. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact.<br><br>In addition, Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact. See Radobenko v. Automated Equipment Corp., 520 F.2d 540 (9th Cir. 1975); Cleveland v. Policy Mgmt. Sys., 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 30.  Plaintiff was out on a medical leave for at least three months in 2008. [Plaintiff's Depo., 107:9-108:10, 111:4-8 and its Exhibit 13.] | Undisputed. | UNDISPUTED. |
| 31.  Plaintiff went out on a medical leave lasting from December 27, 2008, until May 4, 2009. [Plaintiff's Depo., 77:24-78:3, 130:22-25, 137:16-20; Vance Decl., ¶ 2, Ex. A. ] | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    18                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 32. Plaintiff stopped coming in to work as of June 5, 2009. [Plaintiff's Depo., 163:6-8; 170:1-3.] | Disputed. Nigro Declaration, ¶¶ 2, 6; Foss Depo., 55/14—64/13. | UNDISPUTED. Plaintiff does not submit any evidence to dispute the proffered fact. Plaintiff's declaration in fact establishes that "my medical leave began on June 5, 2009." (Nigro Decl. ¶2.) Although Plaintiff's evidence is otherwise wholly irrelevant to the proffered fact, in the event the Court disagrees, Plaintiff cannot raise a triable issue of material fact by disputing his prior deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 33. Plaintiff's medical records reflect that a transfer to another position would not have enabled him to continue working. [Bressler's Decl. at ¶¶ 4, 7, 8, 10.] | Disputed. Nigro Depo., 100/25—101/7; Murad Depo., 22/14—16; Nigro Depo., 57/22—58/21; 93/18—95/5; Nigro Depo., 63/19—65/6; 114/3—116/10. | This fact is not materially disputed and therefore remains UNDISPUTED.

Plaintiff does not submit any admissible evidence to dispute the proffered fact. Any testimony, relayed by Plaintiff as to what Dr. Murad may have told him is inadmissible hearsay. (FRE 802.) In addition, Plaintiff lacks the requisite medical expertise to competently opine what job transfers would have been possible in light of his medical condition, and thus his testimony is improper opinion testimony. (FRE 701.)

Plaintiff's reliance on Dr. Murad's testimony to show that |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          19          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | he was qualified to perform his job duties is similarly misplaced. Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶7; and Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.).) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few days before when Plaintiff showed up and told him how to testify. (Murad Depo. 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Accordingly, Dr. Murad's opinions are inadmissible expert testimony lacking proper foundation. (FRE 702.) In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue of fact because his testimony is based neither on facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself: <br><br> Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time? <br><br> A: *I honestly don't know the answer to that*. I'm not sure – I know what his |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT     20     Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | work duties were as far as he had trouble getting to the bathrooms. So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that. *I don't know if I thought about that at that time or whether the question came up.* (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.) |
| 34. When Plaintiff's condition flared, he was prevented from working in any capacity such that a later start time or limited duty could not have accommodated his condition. [Bressler's Decl. at ¶¶ 4, 7, 8, 10.] | Disputed. Murad Depo., 43/5—44/25; Nigro Depo., 81/25—85/6; 91/22—92/3; 194/2—9; 226/25—227/6; Murad Depo., 22/14—16; Foss Depo., 25/3—27/19. | This fact is not materially disputed and therefore remains UNDISPUTED.<br><br>Plaintiff does not submit any admissible evidence to dispute the proffered fact. Plaintiff's reliance on Dr. Murad's testimony to show that he was qualified to perform his job duties is similarly misplaced. Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶ 7; and Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.).) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few days before when Plaintiff showed up and told him how to testify. (Murad Depo. 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT     21     Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Decl., ¶ 2.)   Accordingly, Dr. Murad's opinions are inadmissible expert testimony lacking proper foundation. (FRE 702.)  In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue of fact because his testimony is based neither on facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself:

Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time?

A: *I honestly don't know the answer to that.* I'm not sure – I know what his work duties were as far as he had trouble getting to the bathrooms.   So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that.  *I don't know if I thought about that at that time or whether the question came up.* (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.)

Plaintiff's own testimony cannot create a triable issue of fact where it is inadmissible improper opinion testimony. (FRE 701.)   Here, where the issue is whether a later start time made any *objective* |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          22          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | *medical impact* on Plaintiff's ulcerative colitis (not whether Plaintiff *subjectively believed* it had an impact) Plaintiff lacks the requisite medical expertise to offer any probative testimony. (*Id.*; *see also* Cal. Gov't Code § 12940, subd. (a)(1) which recognizes that an employer needs to evaluate whether a disabled employee presents a health risk to himself.)

In addition, Plaintiff cannot create a triable issue of fact with inadmissible hearsay. (FRE 802.)

Finally, Foss's testimony fails to dispute and is irrelevant to the proffered fact. (FRE 402.) |
| 35. A transfer to a position which was less physically demanding could not have helped Plaintiff work during a flare of his condition. [Bressler's Decl. at ¶¶ 6-8.] | Disputed. Nigro Depo., 100/25—101/7; Murad Depo., 22/14—16; Nigro Depo., 57/22—58/21; 93/18—95/5; Nigro Depo., 63/19—65/6; 114/3—116/10. | This fact is not materially disputed and therefore remains UNDISPUTED.

Plaintiff does not submit any admissible evidence to dispute the proffered fact. Any testimony, relayed by Plaintiff as to what Dr. Murad may have told him is inadmissible hearsay. (FRE 802.) In addition, Plaintiff lacks the requisite medical expertise to competently opine what job transfers would have been possible in light of his medical condition, and thus his testimony is improper opinion testimony. (FRE 701.)

Plaintiff's reliance on Dr. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

23

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Murad's testimony to show that he was qualified to perform his job duties is similarly misplaced. Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶7; and Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.).) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few days before when Plaintiff showed up and told him how to testify. (Murad Depo. 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Accordingly, Dr. Murad's opinions are inadmissible expert testimony lacking proper foundation. (FRE 702.) In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue of fact because his testimony is based neither on facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself:<br><br>Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time?<br><br>A: I honestly don't know the answer to that. I'm not |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

24

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | sure – I know what his work duties were as far as he had trouble getting to the bathrooms.  So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that.  I don't know if I thought about that at that time or whether the question came up. (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.) |

### III.   PLAINTIFF'S THIRD CAUSE OF ACTION FOR DISCRIMINATION/WRONGFUL TERMINATION

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 36.  Plaintiff went out on a medical leave lasting from December 27, 2008, until May 4, 2009. [Plaintiff's Depo.,  77:24-78:3, 130:22-25,  137:16-20; Vance Decl., ¶ 2, Ex. A. ] | Undisputed. | UNDISPUTED. |
| 37.  Plaintiff stopped coming in to work as of June 5, 2009. [Plaintiff's Depo., 163:6-8; 170:1-3.] | Disputed. Nigro Declaration, ¶¶2, 6; Foss Depo., 55/14—64/13. | UNDISPUTED.  Plaintiff does not submit any evidence to dispute the proffered fact. Plaintiff's declaration in fact establishes that "my medical leave began on June 5, 2009." (Nigro Decl. ¶2.)  Although Plaintiff's evidence is otherwise wholly irrelevant to the proffered fact, in the event the Court disagrees, Plaintiff cannot raise a triable issue of material fact by disputing his prior |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

25

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.,* 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 38. Plaintiff was instructed by his doctor not to return to work at all until September 5, 2009. [Plaintiff's Depo., 184:16-185:4, 199:2-11 and its Exhibit 40, p. 3.] | Undisputed. | UNDISPUTED. |
| 39. Plaintiff has not produced any evidence that his doctor has released him to return to work, with an accommodation or otherwise, for any significant period of time since he left Sears. [See Plaintiff's Depo., 13:14-25, 14:9-11, 238:25-239:10.] | Disputed. There has been no such request from Plaintiff's doctor. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact. |
| 40. Plaintiff voluntarily stepped down from the Auto Center position in December 2009. [Plaintiff's Depo., 58:25-59:3, 63:19-65:9, 114:3-22.] | Undisputed. | UNDISPUTED. |
| 41. Plaintiff never heard that Foerster or Adams said anything negative about his medical condition. | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1— | This fact is not materially disputed, and therefore, is UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
| --- | --- | --- |
| [Plaintiff's Depo., 195:7-10, 195:12-17, 195:18-25.] | 142/9; Nigro Depo., 235/9—20; Nigro Depo., 244/17—245/12; Nigro Decl., ¶4.; Nigro Depo., 66/19—67/12; Foss Depo., 38/15—43/25. | Foss' testimony constitutes inadmissible hearsay. (FRE 802.)

Both Foss' testimony and Plaintiff's additional deposition testimony fails to dispute Plaintiff's unequivocal testimony:

Q: Did you personally ever hear Larry Foerster say anything negative about your medical condition?

A: I never personally heard Larry Foerster say anything about my medical condition. …

Q: Did you ever personally hear Chris Adams say anything dis—about your medical condition that would be considered negative?

A: Personally, no, I never--

Q: Okay.

A: -- Never did. (Plaintiff's Depo. 195:7-17 attached as Ex. A to the Anderson Decl., ¶ 2.)

Plaintiff's testimony about his conversations with Foss, and Foss' conversations with Foerster fail to dispute the proffered fact and additionally constitute inadmissible hearsay. (FRE 802.) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Plaintiff's self-serving declaration, although it also fails to dispute the proffered fact, is also insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.,* 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.,* 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 42. Nobody ever told Plaintiff that they heard Adams or Foerster make any comments indicating that they did not want someone with Plaintiff's type of medical condition working for Sears. [Plaintiff's Depo. 196:19-197:1.] | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9-20; Nigro Depo., 244/17—245/12; Nigro Decl., ¶4.; Nigro Depo., 66/19—67/12; Foss Depo., 38/15—43/25. | This fact is not materially disputed, and therefore, is UNDISPUTED. Foss' testimony constitutes inadmissible hearsay. (FRE 802.) Both Foss' testimony and Plaintiff's additional deposition testimony fails to dispute Plaintiff's unequivocal testimony as follows: Q: Did anyone ever tell you that Mr. Foerster made comments that they didn't want someone with your type of condition working for Sears? A: Not – no, not to me. Q: Did anyone ever tell you that Mr. Adams made comments that they did not want someone with your type of medical condition working for Sears? A: Not to me directly, no. (Plaintiff's Depo. 196:19- |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          28          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | 197:1 attached as Ex. A to the Anderson Decl., ¶ 2.) <br><br> Plaintiff's testimony about his conversations with Foss, and Foss' conversations with Foerster fail to dispute the proffered fact and additionally constitute inadmissible hearsay. (FRE 802.) <br><br> Plaintiff's self-serving declaration, although it also fails to dispute the proffered fact, is also insufficient to create a triable issue of fact. See *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 43. Nobody ever told Plaintiff that any manager at Sears was upset with him because he had taken a leave of absence. [Plaintiff's Depo., 198:3-6.] | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17;139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Nigro Depo., 244/17— 245/12; Nigro Decl., ¶4.; Nigro Depo.,66/19—67/12; Foss Depo., 38/15—43/25; Foss Depo., 82/1—96/24; and Exhibit 7 to Foss Depo. | This fact is not materially disputed, and therefore, is UNDISPUTED. <br><br> Foss' testimony constitutes inadmissible hearsay, is irrelevant, purely speculative, and lacks foundation. (FRE 802, 402, 602.) <br><br> Both Foss' testimony and Plaintiff's additional deposition testimony fails to dispute Plaintiff's unequivocal testimony: <br><br> Q: Okay. Did anyone ever tell you that any manager at Sears was upset with you because you had taken a leave of absence? |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                29                Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | A: Not directly to me. (Plaintiff's Depo. 198:3-6 attached as Ex. A to the Anderson Decl., ¶ 2.)<br><br>Plaintiff's testimony about his conversations with Foss, and Foss' conversations with Foerster fail to dispute the proffered fact and additionally constitute inadmissible hearsay. (FRE 802.)<br><br>Plaintiff's self-serving declaration, although it also fails to dispute the proffered fact, is also insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 44. Foss never heard Foerster, Adams, Price or Petty make disparaging remarks regarding Plaintiff's disability. [Foss's Depo., 101:7-14, 103:4-22, 106:21-23, 108:21-23, 110:24-111:10.] | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Foss Depo., 66/10—68/3; and Exhibit 7 to Foss Depo; Foss Depo., 82/1—96/24; and Exhibit 7 to Foss Depo. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Foss' testimony, cited by Plaintiff, constitutes inadmissible hearsay, is irrelevant, speculative, and lacks foundation. (FRE 802, 402, 602.) Plaintiff's extraneous evidence fails to dispute the proffered fact. For example, Foss testified as follows:<br><br>Q: Did you ever hear Genevieve Petty make a disparaging remark about |

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Nigro's disability? |
| | | A: Not about his disability per se, just about his performance. |
| | | Q: Did you ever hear her say anything like a disparaging remark about his disability? |
| | | A: No, it didn't have anything to do with his disability. It had more to do with his pay." (Foss's Depo. 101:7-14 attached as Ex. B to the Anderson Decl., ¶ 3.) |
| | | Plaintiff's citations to Foss' deposition fail to dispute this testimony. |
| | | Similarly, Plaintiff fails to create a disputed issue of fact by citing his own deposition testimony because his testimony fails to dispute the proffered fact and additionally constitutes inadmissible hearsay. (FRE 802.) |
| 45. Foss never heard Foerster, Adams, Price or Petty say that they were watching or investigating Plaintiff related to his disability. [Foss's Depo., 101:22-103:3, 107:19-108:9, 109:20-110:13, 111:11-112:3.] | Disputed. Foss Depo., 66/10—68/3; and Exhibit 7 to Foss Depo.; Foss Depo.,82/1—96/24; and Exhibit 7 to Foss Depo. | This fact is not materially disputed, and therefore, is UNDISPUTED. Foss' testimony, cited by Plaintiff, constitutes inadmissible hearsay, is irrelevant, speculative, and lacks foundation. (FRE 802, 402, 602.) In addition, In addition, Foss' additional testimony fails to dispute the proffered fact. For example, |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                31                Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Foss unequivocally testified as follows:<br><br>Q: Did you ever hear Ms. Petty say that she was watching Nigro related to his disability?<br><br>A: Not necessarily. Just, you know, with the investigation with Sherry and the two of them teaming up. But it had nothing to do with his disability. It had to do more with time and that kind of issue. (Foss Depo. 101:22-102:2 attached as Ex. B to the Anderson Decl., ¶ 3.)<br><br>Plaintiff's citations to Foss' deposition fail to dispute this testimony. |
| 46. Foss never heard Foerster, Adams, Price or Petty say they wanted Plaintiff fired related to his disability. [Foss's Depo., 105:7-15, 108:10-20, 110:18-23, 112:4-14.] | Undisputed. | UNDISPUTED. |
| 47. The only thing Plaintiff ever heard Forester say which he considered offensive was Foerster's alleged inquiry in June 2009 as to whether Plaintiff was staying out because he was really sick or because he was not being paid. [Plaintiff's | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Nigro Decl., ¶4; Nigro Depo., 66/19—67/12. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Both Foss' testimony and Plaintiff's additional deposition testimony fails to dispute Plaintiff's unequivocal testimony. Plaintiff's testimony about his conversations with |

LITTLER MENDELSON, P.C.<br>501 W. Broadway<br>Suite 900<br>San Diego, CA 92101.3577<br>619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| Depo., 66:19-67:12, 67:16- 19.] | | other Sears employees constitute inadmissible hearsay. (FRE 802.)<br><br>Plaintiff's self-serving declaration, although it also fails to dispute the proffered fact, is also insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 48. Starting on May 22, 2009, Sears investigated Plaintiff's complaint of retaliation and found that it lacked merit. [Plaintiff's Depo., 154:9-13, 156:5-9; Fowler Decl., ¶ 5, Ex. C.] | Undisputed only as to what the report says, but disputed as to truthfulness. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response is argumentative and Plaintiff fails to cite any specific evidence to dispute the proffered fact. |
| 49. On July 23, 2009, Sears sent Plaintiff a letter, noting his absences, asking Plaintiff to contact Foerster within two days and stating that the failure to do so would "result in your termination for job abandonment." [Declaration of Larry Foerster ("Foerster Decl."), ¶ 3, Ex. B.] | Undisputed that no letter was sent. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response is nonsensical and argumentative and Plaintiff does not submit any specific evidence to dispute the proffered fact. |
| 50. Plaintiff admits that he received the July 23, 2009 letter the next day. [Plaintiff's Depo., 179:18- | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 180:19.] | | |
| 51. Plaintiff alleges he brought paperwork to Sears on July 24, 2009, alleges he left it with a clerical employee, but admits he did not leave the paperwork for Forester and did not speak with Forester. [Plaintiff's Depo., 182:10-182:12, 182:22-183:5, 183:22-184:10, 184:16-185:4, 199:2-11 and its Exhibit 40.] | Undisputed. | UNDISPUTED. |
| 52. Petty was on vacation when Plaintiff alleges he dropped off the paperwork. [Plaintiff's Depo., 182:22-183:5; Petty's Depo., 113:16-114:11 and its Exhibit 46 (dated July 23, 2009).] | Undisputed. | UNDISPUTED. |
| 53. On July 28, 2009, Plaintiff sent Sears an email asking Sears to correct his status in the system to terminated and mail his final check to him. [Plaintiff's Depo., 205:6-18 and its Exhibit 41.] | Undisputed. | UNDISPUTED. |
| 54. Plaintiff sent the July 28, 2009, email because he wanted to get money out of his 401(k) and believed he had to be terminated to do so. [Plaintiff's Depo., | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
| --- | --- | --- |
| 207:20-24.] | | |
| 55. Plaintiff has no idea of whether Foerster or Petty saw his response to Foerster's July 23 letter before he sent the July 28 email. [Plaintiff's Depo., at 216:13-17.] | Undisputed. | UNDISPUTED. |
| 56. No one from Sears ever told Plaintiff that he was terminated because he complained about issues related to his leave or related to his leave benefits. [Plaintiff's Depo., 217:25- 218:10.] | Undisputed. | UNDISPUTED. |
| 57. On August 5, 2009, Petty coded Plaintiff's termination as "job abandonment." [Petty's Depo., 126:16-127:24 and its Exhibit 51.] | Undisputed. | UNDISPUTED. |
| 58. Plaintiff does not know whether Petty had anything to do with the decision to end his employment and admits that no one ever said that Petty was mad at him related to his leave. [Plaintiff's Depo., 219:8- 13.] | Undisputed. | UNDISPUTED. |
| 59. No one told Plaintiff that Petty had purposefully entered his leave into the | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          35          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
| --- | --- | --- |
| system incorrectly because she wanted to harm him. [Plaintiff's Depo., 225:4-6.] | | |
| 60. No one from Sears told Plaintiff that Sears terminated his employment because he complained about being denied accommodations. [Plaintiff's Depo., 219:14-25, 220:1-4.] | Undisputed. | UNDISPUTED. |
| 61. No one from Sears ever told Plaintiff that Sears terminated him for complaining about his pay and he never saw any documents suggesting this was the reason. [Plaintiff's Depo., 220:24-221:10.] | Undisputed. | UNDISPUTED. |

## IV.   PLAINTIFF'S FOURTH CAUSE OF ACTION FOR TERMINATION IN VIOLATION OF PUBLIC POLICY

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
| --- | --- | --- |
| 62. Sears's Attendance Policy and Associate Handbook say that Sears considers regular and timely attendance an essential job function of all hourly positions. [Declaration of Carole Vance ("Vance Decl."), ¶ 3, Ex. B; Declaration of Pamela | Disputed to the extent Sears's policy conflicts with California law. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                36                Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| Fowler ("Fowler Decl."), ¶ 7, Ex. D, p. 34.] | | |
| 63. The written job description applicable to Plaintiff required Plaintiff to be on-site to conduct maintenance of the interior and exterior of the building. [Plaintiff's Depo., 68:1-13, 71:13-24 and its Exhibit 7, p. 3-4; see Foerster's Depo., 53:15-18; Adams Depo., 45:14-17.] | Undisputed. | UNDISPUTED. |
| 64. Plaintiff was out on a medical leave for at least three months in 2008. [Plaintiff's Depo., 107:9-108:10, 111:4-8 and its Exhibit 13.] | Undisputed. | UNDISPUTED. |
| 65. Plaintiff went out on a medical leave lasting from December 27, 2008, until May 4, 2009. [Plaintiff's Depo., 77:24-78:3, 130:22-25, 137:16-20; Vance Decl., ¶ 2, Ex. A. ] | Undisputed. | UNDISPUTED. |
| 66. When Plaintiff went out on leave in December 2008, he told Sears he did not think he would be able to return. [Petty's Depo. 47:8-22.] | Disputed.   Nigro   Depo., 120/3—123/2, and Exhibit 18 to Nigro Depo. | UNDISPUTED.  Plaintiff does not submit any evidence to dispute the proffered fact. Instead, Plaintiff cites evidence that is neither relevant nor probative to how Plaintiff estimated the duration of his December 2008 leave. Plaintiff concedes that Dr. Murad believed he would be out for |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          37          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | four months. (Nigro Depo. 122:2-6 & Ex. 18 to Nigro Depo. attached as Ex. C to the Hanson Decl., ¶ 4.) Plaintiff admits that "I believe I just signed [the leave form] and put the store number" and that Dr. Murad filled out the remaining information. (Nigro Depo. 121:12-121:20 attached as Ex. C to the Hanson Decl., ¶ 4.) |
| 67.  Plaintiff returned to work on May 4, 2009. [Plaintiff's Depo., 138:11-13.] | Undisputed. | UNDISPUTED. |
| 68.  Plaintiff stopped coming in to work as of June 5, 2009. [Plaintiff's Depo., 163:6-8; 170:1-3.] | Disputed. Nigro Declaration, ¶¶2, 6; Foss Depo., 55/14—64/13. | UNDISPUTED.   Plaintiff does not submit any evidence to dispute the proffered fact. Plaintiff's declaration in fact establishes that "my medical leave began on June 5, 2009." (Nigro Decl. ¶2.)    Although Plaintiff's evidence is otherwise wholly irrelevant to the proffered fact, in the event the Court disagrees, Plaintiff cannot raise a triable issue of material fact by disputing his prior deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 69.  Plaintiff was instructed by his doctor not to return to work at all until September 5, 2009. [Plaintiff's Depo., 184:16-185:4,      199:2-11 | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| and its Exhibit 40, p. 3.] | | |
| 70. To do his job, Plaintiff had to engage in physical labor including bending, stooping, and kneeling, climbing stairs and ladders and lifting and moving fixtures, racks and merchandise. [Plaintiff's Depo., 101:21- 102:20.] | Undisputed. | UNDISPUTED. |
| 71. Plaintiff's job required him to take "care of the entire building ... from the floor to ceiling." [Plaintiff's Depo., 30:2-10.] | Undisputed. | UNDISPUTED. |
| 72. In May 2009, Plaintiff was unable to perform the intense physical labor required by his job because of his medical condition. [Complaint, ¶ 8(d).] | Disputed. Nigro Depo., 144/22—25; Nigro Depo., 233/21—235/8; Foss Depo 29/25—32/30; 34/14—22; Nigro Depo 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Foss Depo., 84/12—11; Nigro Depo., 244/17—245/12. | UNDISPUTED. Plaintiff does not submit any admissible evidence to dispute the proffered fact. Rather, Plaintiff's evidence is irrelevant to the proffered fact as it relates only to his alleged requests for a later start time and contains inadmissible hearsay. (FRE 402, 802.) In addition, Plaintiff is conclusively bound by factual allegations in his pleadings. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Plaintiff cannot create a triable issue of fact by contradicting the allegations of his Complaint and his prior deposition testimony. See *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Plaintiff's deposition testimony regarding his condition during May 2009 in fact supports the proffered fact:<br><br>Q: "Did Dr. Murad ever tell you that he believed you needed a later start time?"<br><br>A: … "[T]he physical labor of the – of that job, or maybe any other job was causing me more flare-ups. And I told him [Dr. Murad], the only way that it seems to help me is if I go in later, or if I can just completely get out of doing maintenance…."(Plaintiff's Depo. 143:25 – 144:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 3.) |
| 73. Changing his start time was the only accommodation Plaintiff needed to do his job. [Plaintiff's Depo., 91:22-92:3, 194:1-9.] | Undisputed. | UNDISPUTED. |
| 74. There was never a day that Plaintiff needed to come in at 9:00 a.m. instead of 6:00 a.m. and was not allowed to do so. [Plaintiff's Depo., 84:19-85:6, 85:18-86:25, 87:8-16; Foss's Depo., 34:14-18.] | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Nigro Depo., 244/17—245/12. | This fact is not materially disputed and therefore remains UNDISPUTED.<br><br>Plaintiff does not submit any admissible evidence to dispute the proffered fact. Plaintiff's deposition testimony speaks for itself:<br><br>Q: So was there ever a time you needed to come in late, |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          40          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | on a day that you actually worked, that you weren't allowed to come in late? A: I can't – I can't think of one offhand right now. (Plaintiff's Depo. 87:11-16 attached as Ex. A to the Anderson Decl., ¶ 2.) Plaintiff cannot create a triable issue of fact by contradicting the allegations of his Complaint and his prior deposition testimony. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 75. When Plaintiff asked for time off in June 2009 because he was sick, Sears allowed him to take it. [Plaintiff's Depo., 163:6-8; Foss's Depo., 55:14-56:4.] | Undisputed. | UNDISPUTED. |
| 76. Plaintiff's medical records reflect that a transfer to another position would not have enabled him to continue working. [Declaration of Dr. Bressler ("Bressler's Decl."), ¶¶ 4, 6-8, 10.] | Disputed. Nigro Depo., 100/25—101/7; Murad Depo., 22/14—16; Nigro Depo., 57/22—58/21; 93/18—95/5; Nigro Depo., 63/19—65/6; 114/3—116/10. | This fact is not materially disputed and therefore remains UNDISPUTED. Plaintiff does not submit any admissible evidence to dispute the proffered fact. Any testimony, relayed by Plaintiff as to what Dr. Murad may have told him is inadmissible hearsay. (FRE 802.) In addition, Plaintiff lacks the requisite medical expertise to competently opine what job transfers would have been possible in light of his medical condition, and thus his testimony is improper opinion |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    41                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | testimony.  (FRE 701.)<br><br>Plaintiff's reliance on Dr. Murad's testimony to show that he was qualified to perform his job duties is similarly misplaced. Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶7; and   Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few days before when Plaintiff showed up and told him how to testify.  (Murad Depo. 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Accordingly, Dr. Murad's opinions are inadmissible expert testimony lacking proper foundation. (FRE 702.) In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue of fact because his testimony is based neither on facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself:<br><br>Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time?<br><br>A: I honestly don't know the answer to that. I'm not sure – I know what his work duties were as far as |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT     42     Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | he had trouble getting to the bathrooms.   So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that.   I don't know if I thought about that at that time or whether the question came up. (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.) |
| 77. When Plaintiff's condition flared, he was prevented from working in any capacity such that a later start time or limited duty could not have accommodated his condition.   [Bressler's Decl. at ¶¶ 4-10.] | Disputed.   Murad   Depo., 43/5—44/25;   Nigro   Depo., 81/25—85/6;   91/22—92/3; 194/2—9;   226/25—227/6; Murad   Depo.,   22/14—16; Foss Depo., 25/3—27/19. | This fact is not materially disputed and therefore remains UNDISPUTED.<br><br>Plaintiff does not submit any admissible evidence to dispute the proffered fact.   Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶7; and   Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few days before when Plaintiff showed up and told him how to testify.   (Murad Depo. 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson   Decl.,   ¶   2.) Accordingly,   Dr.   Murad's opinions are inadmissible expert testimony   lacking   proper foundation. (FRE 702.)   In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue   of   fact   because   his testimony is based neither on |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

43

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself:<br><br>Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time?<br><br>A: I honestly don't know the answer to that. I'm not sure – I know what his work duties were as far as he had trouble getting to the bathrooms.   So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that.   I don't know if I thought about that at that time or whether the question came up. (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.)<br><br>Plaintiff's own testimony cannot create a triable issue of fact where it is inadmissible improper opinion testimony. (FRE 701.)   Here, where the issue is whether a later start time made any objective medical impact on Plaintiff's ulcerative colitis (not whether Plaintiff subjectively believed it had an impact) Plaintiff lacks the requisite medical expertise to offer any probative testimony.   (Id.; see also Cal. Gov't Code § 12940, subd. (a)(1) which recognizes that an employer needs to evaluate whether a disabled employee presents a health risk to |

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | himself.) |
| | | In addition, Plaintiff cannot create a triable issue of fact with inadmissible hearsay. (FRE 802.) |
| | | Finally, Foss's testimony fails to dispute and is irrelevant to the proffered fact. (FRE 402.) |
| 78. A transfer to a position which was less physically demanding would not have helped Plaintiff work during a flare of his condition. [Bressler's Decl. at ¶ 6.] | Disputed. Nigro Depo., 100/25—101/7; Murad Depo., 22/14—16; Nigro Depo., 57/22—58/21; 93/18—95/5; Nigro Depo., 63/19—65/6; 114/3—116/10. | This fact is not materially disputed and therefore remains UNDISPUTED.<br><br>Plaintiff does not submit any admissible evidence to dispute the proffered fact. Any testimony, relayed by Plaintiff as to what Dr. Murad may have told him is inadmissible hearsay. (FRE 802.) In addition, Plaintiff lacks the requisite medical expertise to competently opine what job transfers would have been possible in light of his medical condition, and thus his testimony is improper opinion testimony. (FRE 701.)<br><br>Plaintiff's reliance on Dr. Murad's testimony to show that he was qualified to perform his job duties is similarly misplaced. Dr. Murad admitted repeatedly in deposition that he has limited experience with ulcerative colitis and is not an expert. (Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17; attached as Ex. F to the Hanson Decl., ¶7; and Murad Depo. 47:7-13 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.).) Dr. Murad also testified that he hadn't formed his opinions about Plaintiff's condition until a few days before when Plaintiff showed |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          45          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | up and told him how to testify. (Murad Depo. 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶ 2.) Accordingly, Dr. Murad's opinions are inadmissible expert testimony lacking proper foundation. (FRE 702.) In the event the Court considers Dr. Murad an expert witness, this would still not create a triable issue of fact because his testimony is based neither on facts, data, nor personal knowledge. (FRE 703). Dr. Murad's deposition testimony speaks for itself:<br><br>Q: So was it also your assessment that a change in his work duties would not have allowed him to keep working at that time?<br><br>A: I honestly don't know the answer to that. I'm not sure – I know what his work duties were as far as he had trouble getting to the bathrooms. So it's possible if they gave him a job where he could sit near a bathroom he might be able to do that. I don't know if I thought about that at that time or whether the question came up. (Murad Depo. 22:9-18 attached as Ex. F to the Hanson Decl., ¶ 7.) |
| 79. As of May 4, 2009, Plaintiff's doctor released him to return work without any restrictions on his work duties. [Anderson | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    46                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| Decl.,¶¶ 7-8, Exs. F, G (Response to Request for Admission No. 2); Plaintiff's Depo., 137:16-20, 139:16-18, Vance Decl., ¶ 2, Ex. A.] | | |
| 80.   After May 4, 2009, Plaintiff never presented a doctor's note to anyone in human resources addressing a need for any kind of accommodation. [Plaintiff's Depo., 233:21-24.] | Disputed.   Nigro Depo., 139/5—21;   233/21—234/1; Nigro Decl., ¶4. | UNDISPUTED.   Plaintiff does not submit any admissible evidence to dispute the proffered fact.   Plaintiff's deposition testimony unequivocally this fact:  Q: Okay. In May or June of 2009, did you present any note to anyone in HR about any need for accommodation?  A: I did not present a note. …   (Plaintiff's Depo. 233:21-24 attached as Ex. A to the Anderson Decl., ¶ 2.)  Plaintiff cannot create a triable issue of fact by contradicting the allegations of his Complaint and his prior deposition testimony.   See *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 81.   Plaintiff never spoke directly to Foerster, Adams or 88Sears about his alleged need to change his start time. [Plaintiff's Depo., 143:7-23.] | Disputed. Nigro Decl., ¶3; Nigro Depo 216/21—217/10; Nigro Decl., ¶4.; Nigro Depo., 66/19—67/12. | UNDISPUTED.   Plaintiff does not submit any admissible evidence to dispute the proffered fact.   Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact by contradicting Plaintiff's own deposition testimony.   See *Radobenko v. Automated Equipment Corp.*, |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                47                Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). At deposition Plaintiff testified:<br><br>Q: Did you speak to Mr. Foerster about your start time?<br><br>A: No, I did not. (Plaintiff's Depo. 143:7-9 attached as Ex. A to the Anderson Decl., ¶ 2.)<br><br>Plaintiff does not attempt to dispute that he never spoke to Adams or 88Sears about his alleged need to change his start time. |
| 82. The only accommodation Plaintiff needed after May 4, 2009, was a change to his start time. [Plaintiff's Depo., 194:1-9.] | Undisputed as to the month of May 2009. | This fact is not materially disputed, and therefore, is UNDISPUTED. Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact. |
| 83. When Plaintiff complained about retaliation, he never mentioned that he needed some kind of accommodation. [See Fowler Decl., ¶ 5, Ex. C; Plaintiff's Depo., 156:10-20 and its Exhibit 28.] | Disputed. Exhibit 28 references Plaintiff's Leave of Absence ("LOA"), which is an accommodation. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response misconstrues the proffered fact that Plaintiff never mentioned the need for an accommodation (in the future) and is therefore argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact. |
| 84. In June 2009, Plaintiff never mentioned he considered himself disabled or needed any | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT
48
Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| sort of accommodation in the email he sent to management complaining about his job. [Plaintiff's Depo., 163:14-165:6 and its Exhibit 30.] | | |
| 85. When Plaintiff called in sick in June and July 2009, he gave no information about his condition that would have advised Sears that he needed an accommodation. [Plaintiff's Depo., 179:2-17.] | Disputed. Petty Depo., 100/14—101/16; 102/19—103/6; 104/6—20 and Exhibits 37, 38, and 39 to Petty Depo.; Nigro Decl., ¶3; Nigro Depo., 167/24—169/25; 202/13—204/22 and Exhibit 32 to Nigro Depo.; Declaration of Roy Anguiano; Nigro Decl., ¶3; Nigro Depo., 216/21—217/10; Petty Depo., 108/21—109/7; 151/19—152/6 and Exhibit 42 to Petty Depo. | UNDISPUTED. Plaintiff does not submit any admissible evidence to dispute the proffered fact. Neither Petty's testimony (which merely authenticates the four exhibits), the exhibits to her deposition, nor Anguiano's declaration dispute Plaintiff's own testimony that he advised Sears only "Just that I was calling out sick. I didn't leave any personal information ... ." (Plaintiff's Depo. 179:14-17 attached as Ex. A to the Anderson Decl., ¶ 2.)<br><br>Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact by contradicting Plaintiff's own deposition testimony. See Radobenko v. *Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). At deposition Plaintiff testified:<br><br>Q: Did you speak to Mr. Foerster about your start time?<br><br>A: No, I did not. (Plaintiff's Depo. 143:7-9 attached as Ex. A to the Anderson Decl., ¶ 2.)<br><br>In addition, Plaintiff's cited |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          49          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | testimony lacks foundation and is speculative. (FRE 602.) Similarly, Plaintiff cites his own deposition testimony that also fails to materially dispute the proffered fact. Thus, this fact remains UNDISPUTED. |
| 86. The doctor's note Plaintiff provided to Sears excusing his absence through June 20, 2009, did not state any work restrictions. [Plaintiff's Depo., 199:2-11 and its Exhibit 40, p. 4.] | Undisputed. | UNDISPUTED. |
| 87.  Plaintiff never asked his doctor for a note indicating that he needed to change his schedule as an accommodation. [Plaintiff's Depo., 83:20-23.] | Undisputed because a doctor's note was never requested by Sears. Foss Depo., 25/3—27/19; Nigro Depo., 139/5—21;  233/21—234/1;  Nigro Decl., ¶4. | This fact is not materially disputed, and therefore, is UNDISPUTED. Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact. Instead, Plaintiff submits irrelevant evidence. (FRE 402.) In addition, Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact. See *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 88.  Plaintiff never attempted to get a note from his doctor indicating that he needed to change his position to one requiring | Undisputed because a doctor's note was never requested by Sears. Foss Depo., 25/3—27/19; Nigro Depo., 139/5—21;  233/21—234/1;  Nigro | This fact is not materially disputed, and therefore, is UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

50

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| less physical labor because of his health condition. [Plaintiff's Depo., 97:19-24.] | Decl., ¶4. | Plaintiff's response is argumentative and irrelevant. (FRE 402.) Plaintiff does not submit any admissible evidence to dispute the proffered fact.<br><br>In addition, Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 89. Plaintiff did not provide Sears with the doctor's note excusing him from work from June 5 until June 20, 2009, before July 24, 2009. [Plaintiff's Depo., 182:10-182:12, 182:22-183:5; 184:16-185:4, 199:2-11 and its Exhibit 40, p. 4.] | Undisputed because a doctor's note was not requested by Sears. Nigro Decl., ¶4. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response is argumentative and Plaintiff does not submit any admissible evidence to dispute the proffered fact.<br><br>In addition, Plaintiff's self-serving declaration is not sufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 90. Plaintiff voluntarily stepped down from the Auto Center position in December 2009. [Plaintiff's Depo., 58:25-59:3, 63:19-65:9, 114:3-22.] | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 91. Plaintiff never heard that Foerster or Adams said anything negative about his medical condition. [Plaintiff's Depo., 195:7-10, 195:12-17, 195:18-25.] | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Nigro Depo., 244/17—245/12; Nigro Decl., ¶4.; Nigro Depo., 66/19—67/12; Foss Depo., 38/15—43/25. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Foss' testimony constitutes inadmissible hearsay. (FRE 802.)<br><br>Both Foss' testimony and Plaintiff's additional deposition testimony fails to dispute Plaintiff's unequivocal testimony:<br><br>Q: Did you personally ever hear Larry Foerster say anything negative about your medical condition?<br><br>A: I never personally heard Larry Foerster say anything about my medical condition. …<br><br>Q: Did you ever personally hear Chris Adams say anything dis—about your medical condition that would be considered negative?<br><br>A: Personally, no, I never--<br><br>Q: Okay.<br><br>A: -- Never did. (Plaintiff's Depo. 195:7-17 attached as Ex. A to the Anderson Decl., ¶ 2.)<br><br>Plaintiff's testimony about his conversations with Foss, and Foss' conversations with Foerster fail to dispute the |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    52                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | proffered fact and additionally constitute inadmissible hearsay. (FRE 802.)<br><br>Plaintiff's self-serving declaration, although it also fails to dispute the proffered fact, is also insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 92. Nobody ever told Plaintiff that they heard Adams or Foerster make any comments indicating that they did not want someone with Plaintiff's type of medical condition working for Sears. [Plaintiff's Depo., 196:19-197:1.] | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Nigro Depo., 244/17—245/12; Nigro Decl., ¶4.; Nigro Depo., 66/19—67/12; Foss Depo., 38/15—43/25. | This fact is not materially disputed, and therefore, is UNDISPUTED. Foss' testimony constitutes inadmissible hearsay. (FRE 802.) Both Foss' testimony and Plaintiff's additional deposition testimony fails to dispute Plaintiff's unequivocal testimony as follows:<br><br>Q: Did anyone ever tell you that Mr. Foerster made comments that they didn't want someone with your type of condition working for Sears?<br><br>A: Not – no, not to me.<br><br>Q: Did anyone ever tell you that Mr. Adams made comments that they did not want someone with your type of medical condition working for Sears?<br><br>A: Not to me directly, no. (Plaintiff's Depo. 196:19-197:1 attached as Ex. A to the Anderson Decl., ¶ 2) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                53                Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Plaintiff's testimony about his conversations with Foss, and Foss' conversations with Foerster fail to dispute the proffered fact and additionally constitute inadmissible hearsay. (FRE 802.)<br><br>Plaintiff's self-serving declaration, although it also fails to dispute the proffered fact, is also insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 93. Nobody ever told Plaintiff that any manager at Sears was upset with him because he had taken a leave of absence. [Plaintiff's Depo. 198:3-6.] | Disputed. Foss Depo., 29/25—32/30;   34/14—22;   Nigro Depo.,         85/22—86/17; 139/22—140/15;         141/1—142/9; Nigro Depo., 235/9—20; Nigro Depo., 244/17—245/12; Nigro Decl., ¶4.; Nigro Depo., 66/19—67/12; Foss Depo., 38/15—43/25; Foss Depo., 82/1—96/24; and Exhibit 7 to Foss Depo. | This fact is not materially disputed, and therefore, is UNDISPUTED. Foss' testimony constitutes inadmissible hearsay, is irrelevant, purely speculative, and lacks foundation. (FRE 802, 402, 602.)<br>Both Foss' testimony and Plaintiff's additional deposition testimony fails to dispute Plaintiff's unequivocal testimony:<br><br>Q: Okay.  Did anyone ever tell you that any manager at Sears was upset with you because you had taken a leave of absence?<br><br>A: Not directly to me. (Plaintiff's Depo. 198:3-6 attached as Ex. A to the Anderson Decl., ¶ 2.)<br><br>Plaintiff's testimony about his conversations with Foss, and |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT     54     Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | Foss' conversations with Foerster fail to dispute the proffered fact and additionally constitute inadmissible hearsay. (FRE 802.)<br><br>Plaintiff's self-serving declaration, although it also fails to dispute the proffered fact, is also insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604 (1999). |
| 94. Foss never heard Foerster, Adams, Price or Petty make disparaging remarks regarding Plaintiff's disability. [Foss's Depo., 101:7-14,103:4-22, 106:21-23, 108:21-23, 110:24-111:10.] | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Nigro Depo., 244/17—245/12; Nigro Decl., ¶4.; Nigro Depo.,66/19—67/12; Foss Depo., 38/15—43/25 Foss Depo.,66/10 —68/3; 82/1—96/24; and Exhibit 7 to Foss Depo. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Foss' testimony, cited by Plaintiff, constitutes inadmissible hearsay, is irrelevant, speculative, and lacks foundation. (FRE 802, 402, 602.) Plaintiff's extraneous evidence fails to dispute the proffered fact. For example, Foss testified as follows:<br><br>Q: Did you ever hear Genevieve Petty make a disparaging remark about Nigro's disability?<br><br>A: Not about his disability per se, just about his performance.<br><br>Q: Did you ever hear her say anything like a disparaging remark about his disability?<br><br>A: No, it didn't have |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          55          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | anything to do with his disability. It had more to do with his pay." (Foss' Depo. 101:7-14 attached as Ex. B to the Anderson Decl., ¶ 3.) Plaintiff's citations to Foss' deposition fail to dispute this testimony.<br><br>Similarly, Plaintiff fails to create a disputed issue of fact by citing his own deposition testimony because his testimony fails to dispute the proffered fact and additionally constitutes inadmissible hearsay. (FRE 802.) |
| 95. Foss never heard Foerster, Adams, Price or Petty say that they were watching or investigating Plaintiff related to his disability. [Foss's Depo., 101:22-103:3, 107:19-108:9, 109:20-110:13, 111:11-112:3.] | Disputed. Foss Depo., 66/10—68/3;  82/1—96/24;  and Exhibit 7 to Foss Depo. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Foss' testimony, cited by Plaintiff, constitutes inadmissible hearsay, is irrelevant, speculative, and lacks foundation. (FRE 802, 402, 602.) In addition, In addition, Foss' additional testimony fails to dispute the proffered fact. For example, Foss unequivocally testified as follows:<br><br>Q: Did you ever hear Ms. Petty say that she was watching Nigro related to his disability?<br><br>A: Not necessarily. Just, you know, with the investigation with Sherry and the two of them teaming up. But it had nothing to do with his disability. It had to do more with time and that |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

56

Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| | | kind of issue. (Foss Depo. 101:22-102:2 attached as Ex. B to the Anderson Decl., ¶ 3.)<br><br>Plaintiff's citations to Foss' deposition fail to dispute this testimony. |
| 96. Foss never heard Foerster, Adams, Price or Petty say they wanted Plaintiff fired related to his disability. [Foss's Depo., 105:7-15, 108:10-20, 110:18-23, 112:4-14.] | Undisputed. | UNDISPUTED. |
| 97. The only thing Plaintiff ever heard Forester say which he considered offensive was Foerster's alleged inquiry in June 2009 as to whether Plaintiff was staying out because he was really sick or because he was not being paid. [Plaintiff's Depo., 66:19-67:12, 67:16-19.] | Disputed. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; Nigro Depo., 235/9—20; Nigro Decl., ¶4.; Nigro Depo., 66/19—67/12. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Both Foss' testimony and Plaintiff's additional deposition testimony fails to dispute Plaintiff's unequivocal testimony. Plaintiff's testimony about his conversations with other Sears employees constitute inadmissible hearsay. (FRE 802.)<br><br>Plaintiff's self-serving declaration, although it also fails to dispute the proffered fact, is also insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). |
| 98. Starting on May 22, 2009, Sears investigated Plaintiff's complaint of | Undisputed only as to what the report says, but disputed as to its truthfulness. | This fact is not materially disputed, and therefore, is UNDISPUTED. Plaintiff's response is |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    57                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| retaliation and found that it lacked merit. [Plaintiff's Depo., 154:9-13, 156:5-9; Fowler Decl., ¶ 5, Ex. C] | | argumentative and Plaintiff fails to cite any specific evidence to dispute the proffered fact. |
| 99. On July 23, 2009, Sears sent Plaintiff a letter, noting his absences, asking Plaintiff to contact Foerster within two days and stating that the failure to do so would "result in your termination for job abandonment." [Foerster Decl., ¶ 3, Ex. B.] | Undisputed that the letter was sent. | This fact is not materially disputed, and therefore, is UNDISPUTED.<br><br>Plaintiff's response is nonsensical and argumentative and Plaintiff does not submit any specific evidence to dispute the proffered fact. |
| 100. Plaintiff admits that he received the July 23, 2009 the next day. [Plaintiff's Depo. 179:18-180:19.] | Undisputed. | UNDISPUTED. |
| 101. Plaintiff alleges he brought paperwork to Sears on July 24, 2009, alleges he left it with a clerical employee, but admits he did not leave the paperwork for Forester and did not speak with Forester. [Plaintiff's Depo., 182:10-182:12, 182:22-183:5, 183:22-184:10, 184:16-185:4, 199:2-11 and its Exhibit 40.] | Undisputed. | UNDISPUTED. |
| 102. Petty was on vacation when Plaintiff alleges he | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    58                    Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| dropped off the paperwork. [Plaintiff's Depo., 182:22-183:5; Petty's Depo., 113:16-114:11 and its Exhibit 46 (dated July 23,2009).] | | |
| 103. On July 28, 2009, Plaintiff sent Sears an email asking Sears to correct his status in the system to terminated and mail his final check to him. [Plaintiff's Depo., 205:6-18 Exhibit 41.] | Undisputed. | UNDISPUTED. |
| 104. Plaintiff sent the July 28, 2009, email because he wanted to get money out of his 401(k) and believed he had to be terminated to do so. [Plaintiff's Depo., 207:20-24.] | Undisputed. | UNDISPUTED. |
| 105. Plaintiff has no idea of whether Foerster or Petty saw his response to Foerster's July 23 letter before he sent the July 28 email. [Plaintiff's Depo., at 216:13-17.] | Undisputed. | UNDISPUTED. |
| 106. No one from Sears ever told Plaintiff that he was terminated because he complained about issues related to his leave or related to his leave benefits. [Plaintiff's Depo., 217:25-218:10.] | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          59          Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| 107. On August 5, 2009, Petty coded Plaintiff's termination as "job abandonment." [Petty's Depo., 126:16-127:24 and its Exhibit 51.] | Undisputed. | UNDISPUTED. |
| 108. Plaintiff does not know whether Petty had anything to do with the decision to end his employment and admits that no one ever said that Petty was mad at him related to his leave. [Plaintiff's Depo., 219:8-13.] | Undisputed. | UNDISPUTED. |
| 109. No one told Plaintiff that Petty had purposefully entered his leave into the system incorrectly because she wanted to harm him. [Plaintiff's Depo., 225:4-6.] | Undisputed. | UNDISPUTED. |
| 110. No one from Sears told Plaintiff that Sears terminated his employment because he complained about being denied accommodations. [Plaintiff's Depo., 219:14-25, 220:1-4.] | Undisputed. | UNDISPUTED. |
| 111. No one from Sears ever told Plaintiff that Sears terminated him for complaining about his pay and he never saw any | Undisputed. | UNDISPUTED. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT            60            Case No. 11cv1541 MMA (JMA)

| UNDISPUTED MATERIAL FACT | PLAINTIFF'S RESPONSE | DEFENDANT'S REPLY |
|---|---|---|
| documents suggesting this was the reason. [Plaintiff's Depo., 220:24-221:10.] | | |

## V.   DEFENDANT"S RESPONSE TO PLAINTIFF'S UNDISPUTED MATERIAL FACTS IN OPPOSITION TO SUMMARY JUDGMENT

Plaintiff submitted a number of additional Undisputed Material Facts in Opposition to Defendant's or Summary Judgment.  As is demonstrated below, those "facts" are not sufficient to defeat the motion for summary judgment.

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| 112. Jason Foss was the Operations Manager at the Sears Carlsbad store, the direct supervisor of Plaintiff, and requests by Plaintiff for medical work accommodations were to go to Foss.  Foss Depo., 9/12-14; 21/13—16; Foerster Depo., 12/18—13/10; Foss Depo., 21/23— 22/11. | UNDISPUTED and irrelevant that Jason Foss was the Operations Manager at the Sears Carlsbad store.<br><br>SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence, that Foss was a supervisor as meant by the FEHA, Gov't Code § 12926(s).  Plaintiff's cited evidence does not support this legal conclusion. |
| 113. Foss testified that Plaintiff is an honest, hard worker, and that he never received any complaints about Plaintiff.  Foss Depo., 22/20—23/15. | UNDISPUTED that Foss so testified.<br><br>Sears objects that this statement and the cited testimony are inadmissible as irrelevant (FRE 402) and as character evidence (FRE 608). |
| 114. Foss also supervised Human Resources Lead Genevieve Petty, who assisted Foss with his human resources duties. Foss Depo., 17/22—18/5; 20/21—21/13. | UNDISPUTED that Petty assisted with human resources duties.<br><br>SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence, that Foss was Petty's supervisor as meant by the FEHA, Gov't Code § 12926(s). |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    61                    Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| | Plaintiff's cited evidence does not support this legal conclusion.   Sears objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.) |
| 115.   Plaintiff disclosed his serious health condition of ulcerative colitis to Sears during the hiring process and to Foss shortly after being hired. Foss Depo., 23/17— 25/2; Nigro Depo., 40/2—43/9. | UNDISPUTED. Sears objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.) |
| 116.   Genevieve Petty was Sears's Human Resources Lead at the Carlsbad, California store, and she reported directly to Jason Foss. Petty Depo., 23/3—8; Foerster Depo., 13/11—19. | UNDISPUTED that Petty was Sears's Human Resources Lead at the Carlsbad, California store. Sears objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.) |
| 117. Petty was never Plaintiff's supervisor; Jason Foss was Plaintiff's supervisor. Petty Depo., 168/4—10. | UNDISPUTED that Petty was never Plaintiff's supervisor.  Sears objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.)

SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence, that Foss is a supervisor as meant by the FEHA, Gov't Code § 12926(s).  Plaintiff's cited evidence does not support this legal conclusion. |
| 118. Chris Adams was the District General Manager for Sears and responsible for the Carlsbad store at the time Plaintiff worked there. Adams Depo., 13/6—20. | UNDISPUTED. Sears objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.) |
| 119. Adams was advised of Plaintiff's medical condition and the need for Plaintiff to take medical leave when necessary. Adams Depo., 16/4—15. | UNDISPUTED that Adams knew Plaintiff had a medical condition.   Sears objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.)

SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence, that "Adams was advised of ... the |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    62                    Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| | need for Plaintiff to take medical leave when necessary."  Plaintiff's cited evidence does not support this assertion. |
| 120. Dr. Robert E. Murad, M.D., first treated Plaintiff for ulcerative colitis in 2002 and typically saw Plaintiff three to four times per year. Murad Depo., 37/23—39/12; 15/12—16/1; 17/2—8. | UNDISPUTED. Sears objects that this statement is inadmissible because it is not relevant.  FRE 402. |
| 121. Ulcerative Colitis is an inflammation of the bowel that causes abdominal pain, diarrhea and frequent bloody stools. Murad Depo., 33/23—34/10; 39/24—40/17; Nigro Depo., 15/4—22. | UNDISPUTED.<br><br>Sears objects that that this statement is inadmissible because it is not relevant.  FRE 402.<br><br>Sears further objects that this statement and the cited testimony is inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation.  (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.)<br><br>Sears further objects that the cited testimony of Plaintiff is inadmissible opinion testimony by a lay witness. |
| 122. Ulcerative Colitis can be severe or mild, and when Plaintiff's condition was severe, he could not work. Murad Depo., 19/2—21; 41/14—43/4. | UNDISPUTED.<br><br>Sears objects that this statement is inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation.  (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.) |
| 123. Dr. Murad told Plaintiff that less physical labor may be beneficial for Plaintiff's colitis | SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    63                    Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| condition. Nigro Depo., 100/25—101/7. | Sears objects that this statement and the cited testimony are inadmissible because they are hearsay. (FRE 802.) Sears also objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.) |
| 124. In determining possible accommodations for Plaintiff's ulcerative colitis, Dr. Murad relies on the subjective information he obtains from his examination of Plaintiff. Murad Depo., 56/9—58/5. | UNDISPUTED, and not material.<br><br>Sears objects that this statement misstates the cited deposition testimony which states that Dr. Murad relied on what Plaintiff told him, not his examination of Plaintiff. (Murad Depo., 57:18-58:5 attached as Ex. F to the Hanson Decl. ¶ 7.)<br><br>Sears further objects that this statement and the cited testimony is inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation. (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.)<br><br>Sears objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.) |
| 125. When Plaintiff's ulcerative colitis became so severe that Plaintiff could not work, a reasonable accommodation is time off from work to allow the condition to heal and Plaintiff to recuperate. Murad Depo., 45/22—46/1. | SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence.<br><br>Sears objects that this statement and the cited testimony are inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation. (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.)<br><br>Sears also objects that this constitutes a legal conclusion and is irrelevant. (FRE 402.) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                64                Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| 126. Stress can exacerbate or cause ulcerative colitis to flare up or become more severe. Murad Depo., 55/19—56/6. | UNDISPUTED. Sears objects that this statement and the cited testimony are inadmissible as irrelevant. (FRE 402.)<br><br>Sears objects that this statement and the cited testimony are inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation. (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.) |
| 127. When Plaintiff's ulcerative colitis flared up, he would not sleep well, if at all, during the night because of the frequency of his bloody bowel movements. Murad Depo., 43/5—44/25. | UNDISPUTED. Sears objects that that this statement and the cited testimony are inadmissible hearsay and irrelevant. FRE 802, 402.<br><br>Sears further objects to the extent that the cited testimony is inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation. (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.) |
| 128. When a flare-up of Plaintiff's ulcerative colitis caused Plaintiff to lose sleep at night, a reasonable accommodation that would enable him to do his job is to allow plaintiff to start his shift at 9:00 a.m. instead of 6:00 a.m. Murad Depo., 43/5—44/25; Nigro Depo., 81/25—85/6; 91/22—92/3; 194/2—9; 226/25—227/6. | SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence.<br><br>Sears objects that this statement and the cited testimony are inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation. (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT

65

Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| | Sears further objects that Plaintiff's cited testimony is inadmissible opinion testimony by a lay witness. (FRE 701.) |
| | Sears also objects that this constitutes a legal conclusion and is argumentative. |
| 129. Another possible work accommodation for Plaintiff when his colitis flared-up would be to give him a job close to the bathroom. Murad Depo., 22/14—16. | SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence. |
| | Sears objects that this statement and the cited testimony are inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation. (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.) |
| | Sears also objects that this constitutes a legal conclusion and is argumentative. |
| 130. At the end of 2007, Plaintiff was transferred from the Field QMT position to an in store QMT position as an accommodation for his ulcerative colitis. Nigro Depo., 57/22—58/21; 93/18—95/5. | UNDISPUTED. Sears objects that this statement and cited testimony is irrelevant and immaterial. (FRE 402.) |
| | Sears also objects that whether or not that transfer was done as an accommodation is argumentative and a legal conclusion. |
| 131. In December of 2008, the Auto Manager said Plaintiff should not have been given the Assistant Auto Manager position because of Plaintiff's medical condition. Nigro Depo., 63/19—65/6; 114/3—116/10. | UNDISPUTED. |
| | Sears objects that this statement and the cited testimony are inadmissible hearsay an irrelevant. (FRE 802, 402.) |
| 132. If a Sears's employee is suffering from a medical disability that makes the employee unable to perform any work, it is Sears's policy to evaluate whether time off from work to heal and recuperate would be an | UNDISPUTED. |
| | Sears objects that this statement is inadmissible because it is not relevant. (FRE 402.) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT          66          Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| appropriate accommodation for the employee. Petty Depo., 189/6—17, and exhibit 56 to Petty Depo. | |
| 133. In March of 2008, Plaintiff took a 2 to 3 month medical leave as an accommodation for his ulcerative colitis, which leave was approved by Sears. Nigro Depo., 107/9—109/6, and Exhibit 13 to Nigro Depo. | UNDISPUTED that Plaintiff took leave. |
| 134. At the end of December 2008, Plaintiff took a 4 month medical leave as an accommodation for his ulcerative colitis, which leave was approved by Sears. Nigro Depo., 120/3—123/2, and Exhibit 18 to Nigro Depo. | UNDISPUTED that Plaintiff took leave. |
| 135. Plaintiff's medical benefits were improperly cancelled by Sears as of January 1, 2009. Nigro Depo., 126/6—129/2. | UNDISPUTED that Plaintiff's medical benefits were cancelled in early 2009.<br><br>SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence, that the benefits were cancelled "improperly." This statement is argumentative, the cited testimony lacks proper foundation, and is irrelevant. (FRE 602, 402.) |
| 136. When needed, in the event Plaintiff's colitis caused him to lose sleep during the night, Assistant Store Manager Jason Foss accommodated Plaintiff by changing Plaintiff's shift start time from 6:00 a.m. to 9:00 a.m., and made this accommodation for Plaintiff approximately 30 times while Plaintiff worked for Sears. Foss Depo., 25/3—27/19. | UNDISPUTED.<br><br>Sears objects to the extent the cited testimony is inadmissible hearsay, and lacks proper foundation, and is irrelevant. (FRE 602, 402, 802.) |
| 137. Larry Foerster was the General Manager of the Sears's store in Carlsbad, California when Plaintiff returned to work from a medical leave on May 4, 2009. Foerster was | UNDISPUTED.<br><br>Sears objects to the extent the cited testimony is irrelevant. (FRE 402.) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                    67                    Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| not the General Manager of the Carlsbad store nor did he work at the Carlsbad store at the time Plaintiff began his medical leave in December of 2008. Foerster Depo., 8/1—25; Nigro Depo., 138/11—139/4. | |
| 138. Plaintiff first met Larry Foerster when Plaintiff came back from medical leave in May 2009. Nigro Depo., 65/13—21. | UNDISPUTED.<br><br>Sears objects to the extent the cited testimony is irrelevant. (FRE 402.) |
| 139. Foerster knew Plaintiff had a medical condition that caused Plaintiff to be off Foerster Depo., 12/7—11. | UNDISPUTED.<br><br>Sears objects to the extent the cited testimony is irrelevant. (FRE 402.) |
| 140. When Plaintiff returned to work at Sears from his medical leave in May of 2009, Sears did not ask Plaintiff for a doctor's note concerning any work restrictions, and Genevieve Petty told Plaintiff Sears did not need one. Nigro Depo., 139/5—21; 233/21—234/1. | UNDISPUTED that this is Plaintiff's testimony.<br><br>Sears objects that the part of this statement and Plaintiff's cited testimony regarding what Petty might have said is inadmissible hearsay and irrelevant. (FRE 802, 402.) When Plaintiff returned to work he was released without any restrictions. See UMF 18. |
| 141. Plaintiff could perform his job duties when he returned to work at Sears from his medical leave in May of 2009. Nigro Depo., 144/22—25. | UNDISPUTED as to that time frame. In his Complaint, Plaintiff admits that he was unable to perform the "intense" physical labor his job required because of his medical condition in May 2009. (UMF 11; Compl., ¶ 8(d).) A party is conclusively bound by factual allegations in his pleadings. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Therefore, this statement is inadmissible and does not raise a disputed issue of material fact. |
| 142. During the time Plaintiff was on his second medical leave (12/28/2008-5/3/2009), and when he returned to work from his second medical leave, Genevieve Petty received conflicting instructions from Sears about Plaintiff's pay and benefits, resulting in the loss of Plaintiff's pay and benefits. Petty Depo., 73/8—75/4; 76/1—25; 97/19— | UNDISPUTED that Petty testified as such.<br><br>Sears objects that this statement is inadmissible because it is not relevant. (FRE 402.) |

68   Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| 98/7;179/16—180/14. | |
| 143. In May and June of 2009, Plaintiff told Genevieve Petty that he needed a later shift start time and/or a different job as an accommodation for his colitis and she referred Plaintiff to Jason Foss. Nigro Depo., 233/21—235/8. | UNDISPUTED that this is Plaintiff's testimony.<br><br>Sears objects that this statement and the cited testimony is inadmissible hearsay. (FRE 802.) Sears objects to the extent the cited testimony is irrelevant. (FRE 402.) |
| 144. In the few weeks before Plaintiff went out on medical leave on June 5, 2009, Larry Foerster denied Plaintiff's requests for a later shift start time accommodation and told Jason Foss that Sears would no longer be providing that accommodation to Plaintiff, and denied these accommodation requests by Plaintiff without any input from Plaintiff whatsoever. Foss Depo., 29/25—32/30; 34/14—22; Nigro Depo., 85/22—86/17; 139/22—140/15; 141/1—142/9; 235/9—20. | SHOULD BE DISREGARDED by the Court in light of Plaintiff's other binding admissions. This assertion should also be disregarded by the Court because it is not supported by admissible evidence.<br><br>Sears objects that this statement is misleading in that Plaintiff testified that no one told him directly he could not come in late after he returned to work in May 2009 and Plaintiff testified that there was never a time he needed to come in late that he wasn't allowed to come in late. (Plaintiff's Depo., 85:18-87:16 attached as Ex. A to the Anderson Decl., ¶ 2)<br><br>Sears objects that this statement mischaracterizes the cited testimony of Foss who testified that his authority to grant Nigro's requests to start his shift late changed at the "very end," not "in the few weeks before." (Foss Depo., 30:4-11 attached as Ex. A to the Hanson Decl., ¶ 2.)<br><br>Sears objects that much of the cited testimony is irrelevant to the case and to Plaintiff's statement and is therefore inadmissible. (FRE 402.)<br><br>Sears also objects to the extent the cited testimony is inadmissible hearsay. (FRE 802.) |
| 145. There was no reason why Sears could not continue to accommodate Plaintiff's requests for a 9:00 a.m. start time when his colitis caused him to lose sleep at night. Foss Depo., | UNDISPUTED that this is Foss' testimony but immaterial.<br><br>Sears objects that this statement and the cited testimony are inadmissible because they lack |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                69                Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| 84/12—11. | foundation, are speculative, constitutes a legal conclusion and are argumentative.  (FRE 602.)<br><br>Sears further objects that this statement mischaracterizes the cited testimony.  Foss stated that he couldn't think of any reason, not that there were no reasons.  Foss Depo., 84:7-12 attached as Ex. A to the Hanson Decl., ¶ 2.) |
| 146.  In May of 2009, Plaintiff asked Larry Foerster if Plaintiff could be transferred to the position of Lead Merchandising/Pricing and Hard Lines as an accommodation for his colitis, which requests were denied by Foerster without any discussion.  Nigro Depo., 76/15—77/13; 78/4—79/15; 80/6—17. | UNDISPUTED that it is Plaintiff's testimony.<br><br>Sears objects that the cited testimony is irrelevant and lacks foundation.  (FRE 402,602.)  Plaintiff presented no evidence that any such position(s) was even open or that he was qualified to fill it. |
| 147.  Plaintiff's request for a transfer into the Tool Lead position as an accommodation for his colitis in May of 2009 was denied by Foerster without any discussion.    Nigro Depo., 145/9—148/3; 189/8—190/24. | UNDISPUTED that it is Plaintiff's testimony.<br><br>Sears objects that the cited testimony is irrelevant and lacks foundation.  (FRE 402,602.)  Plaintiff presented no evidence that any such position(s) was even open or that he was qualified to fill it. |
| 148.  In May of 2009, Plaintiff asked District Facilities Manager, Alan Kamisugi, for help with his pay issues and for a later shift start time. Kamisugi told Plaintiff not to worry about it because, per Chris Adams, "you're not going to be here anymore." Nigro Depo., 244/17—245/12. | UNDISPUTED that this is Plaintiff's testimony.<br><br>Sears objects that this statement and the cited testimony are inadmissible because they are hearsay and irrelevant.  (FRE 802, 402.) |
| 149.  Just prior to the commencement of Plaintiff's medical leave on June 5, 2009, Plaintiff worked 180.21 hours for the time period of May 4, 2009 through June 5, 2009, for a total gross wage amount of $3,251.61, but was only paid by Sears a total of $287.49. Nigro Decl., ¶5 and Exhibit "A" thereto; Nigro Depo., 149/7—152/11; 153/7—23, and Exhibits 25 and 26 to Nigro Depo; Nigro | UNDISPUTED.<br><br>Sears objects that this statement is inadmissible because it is irrelevant.  (FRE 402.) |

LITTLER MENDELSON, P.C.<br>501 W. Broadway<br>Suite 900<br>San Diego, CA 92101.3577<br>619.232.0441

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| Depo., 163/14—166/8 and Exhibit 30 to Nigro Depo; Nigro Depo., 166/9—167/13 and Exhibit 31 to Nigro Depo. | |
| 150. As a result of Sears's failure to pay Plaintiff's wages for the time period of May 4, 2009, through June 5, 2009, Plaintiff did not have money to buy food, buy medications for his colitis, pay rent, or support his minor daughter, which caused a severe flare-up of his ulcerative colitis. 150. Nigro Decl., ¶6; Murad Depo., 32/11—20; 40/18—41/12; 53/22—55/18 and Exhibit 15 to Murad Depo.; Nigro Depo., 173/1—174/15; 175/2—18. | UNDISPUTED that this is Plaintiff's testimony.<br><br>Sears objects to Nigro's statements as irrelevant. (FRE 402.)<br><br>Sears objects that this statement and the cited testimony are inadmissible because Dr. Murad is not qualified to testify as an expert as to this matter and because his opinions lack proper foundation. (FRE 702, 703; Murad Depo. 17:12-22, 33:1-6, 37:6-22, 40:10-17 attached as Ex. F to Hanson Decl., ¶7; Murad Depo. 47:7-13, 12:12-13:4, 34:24-36:11 attached as Ex. 1 to the Supplemental Anderson Decl., ¶2.)<br><br>Sears further objects to the extent that Dr. Murad's testimony is inadmissible hearsay and lacks personal knowledge, foundation and is speculative. (FRE 802, 602, 402.) |
| 151. On June 5, 2009, Plaintiff began a medical leave of absence as a result of a severe flare up of his ulcerative colitis, which leave was approved by Plaintiff's supervisor, Store Operations Manager, Jason Foss. Nigro Declaration, ¶¶2, 6; Foss Depo., 55/14—64/13. | UNDISPUTED that Plaintiff stopped reporting to work as of June 5, 2009 and that Foss initially approved his absence.<br><br>Sears objects that Plaintiff mischaracterizes the cited testimony which reflects only that Foss approved Plaintiff being out sick and that Plaintiff needed employee benefit's approval for a medical leave.   (Foss Depo., 55:19-56:10 attached as Ex. A to the Hanson Decl., ¶ 2.)<br><br>Sears objects that much of the cited deposition testimony is inadmissible hearsay and irrelevant. (FRE 402, 802.) |
| 152. Plaintiff stayed in constant contact with Sears once he began his medical leave on June 5, 2009, and advised Sears of his sick leave status. Petty Depo., 100/14—101/16; 102/19—103/6; 104/6—20 and Exhibits 37, | UNDISPUTED that Plaintiff contacted Sears to advise Sears that he would be absent.<br><br>Plaintiff   mischaracterizes   the   documentary evidence   and   mischaracterizes   his   testimony. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT     71     Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| 38, and 39 to Petty Depo.; Nigro Decl., ¶3; Nigro Depo 167/24—169/25; 202/13—204/22 and Exhibit 32 to Nigro Depo.; Declaration of Roy Anguiano. | See UMF 24. |
| 153. Shortly after Plaintiff began his medical leave on June 5, 2009, which was approved by Jason Foss, Mr. Foss was transferred by Sears from the Carlsbad store to the Escondido store, which was a further drive for Foss, and did so in order to punish Foss for granting Plaintiff's requests for accommodations relating to Plaintiff's ulcerative colitis condition. Foss Depo., 15/3—15; 35/22—36/7; 55/14—64/13. | UNDISPUTED that Plaintiff stopped reporting for work on June 5, 2009 and that Foss was transferred to the Carlsbad store. <br><br> Sears disputes the characterization of Plaintiff's absences as a "medical leave." See UMF 32. Sears objects to the rest of this statement as being argumentative, speculative, irrelevant and conclusory. (FRE 602, 402.) |
| 154. Jason Foss did not ask for a transfer nor was he happy about his transfer to the Escondido store. Adams Depo., 30/17-18; 32/19—33/6; 33/24—34/12. | UNDISPUTED. <br><br> Sears objects that this statement is inadmissible because it is not relevant. (FRE 402.) |
| 155. Jason Foss was informed on Friday that he would be transferred from the Carlsbad store to the Escondido store effective the following Monday, and was given no explanation for the transfer. Foss Depo., 10/10—11/25. | UNDISPUTED. <br><br> Sears objects that this statement is inadmissible because it is not relevant. (FRE 402.) |
| 156. On June 29, 2009, Plaintiff had a telephone call with Store Manager Larry Foerster wherein Plaintiff advised Foerster that Plaintiff was on an approved medical leave as a result of a severe flare up of Plaintiff's medical condition caused by (1) the failure of Sears to pay Plaintiff for hours worked and (2) Foerster's denial of Plaintiff's request for a change in his shift start time from 6:00 a.m. to 9:00 a.m. Nigro Decl., ¶3. | Plaintiff's self-serving declaration is insufficient to create a triable issue of fact. See *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). In his declaration, Plaintiff describes this purported conversation in detail including alleged facts he had no memory of during his deposition. (Plaintiff Decl., ¶¶ 2-4; Plaintiff's Depo. 67:6-19 attached as Ex. C to the Hanson Decl., ¶ 4) |
| 157. During the June 29, 2009 telephone call between Plaintiff and Foerster, Plaintiff | Plaintiff's self-serving declaration is insufficient to create a triable issue of fact. *See Radobenko* |

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| informed Foerster that if his pay was restored so that he could buy his medications, and if he was accommodated with a 9:00 a.m. shift start time, Plaintiff believed he could return to work on July 25, 2009. Nigro Decl., ¶3; Nigro Depo., 216/21—217/10. | *v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). In his declaration, Plaintiff describes this purported conversation in detail including alleged facts he had no memory of during his deposition.  (Plaintiff Decl., ¶¶ 2-4; Plaintiff's Depo. 67:6-19 attached as Ex. C to the Hanson Decl., ¶ 4.) |
| 158. During the June 29, 2009, telephone call between Plaintiff and Foerster, Foerster responded to Plaintiff's request for pay restoration and a 9:00 a.m. shift start time accommodation by stating:  "If you're going to stick with being sick, it's not helping your situation. It is what it is. You're not getting paid, and you're not going to be accommodated." Nigro Decl., ¶4.; Nigro Depo., 66/19—67/12. | Plaintiff's self-serving declaration is insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). In his declaration, Plaintiff describes this purported conversation in detail including alleged facts he had no memory of during his deposition.  (Plaintiff Decl., ¶¶ 2-4; Plaintiff's Depo. 67:6-19 attached as Ex. C to the Hanson Decl., ¶ 4; the Declaration of Larry Foerster In Support of Sears's Motion for Summary Judgment, or, In the Alternative Partial Summary Judgment ("Foerster Decl.") ¶ 4; Sears's Motion, 7:27-28, n.6.) |
| 159. At no time during the June 29, 2009 telephone call between Foerster and Plaintiff did Foerster ask Plaintiff to provide Sears with a doctor's note or a medical certification with respect to the medical leave Plaintiff began on June 5, 2009. Nigro Decl., ¶4. | Plaintiff's self-serving declaration is insufficient to create a triable issue of fact. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975); *Cleveland v. Policy Mgmt. Sys.*, 526 U.S. 795, 119 S. Ct. 1597, 1603-1604, 143 L.Ed. 2d 966 (1999). In his declaration, Plaintiff describes this purported conversation in detail including alleged facts he had no memory of during his deposition.  (Plaintiff Decl., ¶¶ 2-4; Plaintiff's Depo. 67:6-19 attached as Ex. C to the Hanson Decl., ¶ 4.) |
| 160. As of July 13, 2009, Petty and Foerster were aware that Plaintiff had filed for disability with the California EDD. Petty Depo., 108/21—109/7; 151/19— 152/6 and Exhibit 42 to Petty Depo. | UNDISPUTED.  Plaintiff's cited evidence does not support the presented "fact." Sears objects that this statement is inadmissible because it is not relevant.  (FRE 402.) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT                73                Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| 161. The first time Plaintiff received a request for medical certification from Sears for his medical leave commencing on June 5, 2009, was the letter he received from Larry Foerster on July 24, 2009. Nigro Decl., ¶4. | UNDISPUTED.   However, Plaintiff did not provide Sears with the doctor's note excusing him from work from June 5 until June 20, 2009, before July 24, 2009. [Plaintiff's Depo., 182:10-182:12, 182:22-183:5; 184:16-185:4, 199:2-11 and its Exhibit 40, p. 4 both attached as Ex. A to the Anderson Decl., ¶ 2.] See UMF 29. |
| 162. The same day Plaintiff received the letter from Foerster on July 24, 2009 requesting medical certification for Plaintiff's medical leave that commenced on June 5, 2009, Plaintiff provided Sears with the medical certification documents by way of hand delivery to the Carlsbad store. Nigro Depo., 182:22—185/12;199/23—200/14 and Exhibit 40 to Nigro Depo. Declaration of Roy Anguiano. | UNDISPUTED, however Plaintiff admits that he did not give the paperwork to Forester, which is what he was instructed to do. See UMF 51.<br><br>Sears objects that Roy Anguiano's declaration lacks foundation and constitutes inadmissible hearsay.  (FRE 602, 802.) |
| 163. When an attempted accommodation for Plaintiff's colitis of promoting Plaintiff to Assistant Auto manager failed due to the Auto Manager's disparaging remarks about Plaintiff's medical condition, Sears's District General Manager Chris Adams said, referring to Plaintiff, "I'm done with that guy." Foss Depo., 38/15—43/25. | UNDISPUTED.<br><br>Sears objects that much of the cited deposition testimony is inadmissible hearsay, lacks foundation and irrelevant.  (FRE 402, 602, 802.) |
| 164. Loss Prevention Manager Sherry Price singled out Plaintiff and began watching him and observing him in order to try to catch him on any policy violation that could lead to discipline, including his termination. Foss Depo., 66/10—68/3; and Exhibit 7 to Foss Depo. | UNDISPUTED that Price was watching Plaintiff.<br><br>SHOULD BE DISREGARDED by the Court because it is not supported by admissible evidence, that Price "singled out Plaintiff" and watched him "to try to catch him on any policy violation that could lead to discipline, including his termination."  Plaintiff mischaracterizes the cited testimony. |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEF.'S REPLY SEPARATE STATEMENT        74        Case No. 11cv1541 MMA (JMA)

| PLAINTIFF'S ALLEGED UNDISPUTED MATERIAL FACT | DEFENDANT'S RESPONSE |
|---|---|
| | Sears objects that this statement is inadmissible because it lacks foundation and is irrelevant. (FRE 602, 402.)   Sears objects that the cited testimony is inadmissible hearsay.  (FRE 802.) |
| 165. Jason Foss prepared an email statement that summarizes the illegal conduct he observed Sears engaged in with respect to Plaintiff, including the failure to accommodate Plaintiff's medical condition and retaliation against Plaintiff due to his medical leave and requests for accommodation. Foss Depo., 82/1—96/24; and Exhibit 7 to Foss Depo. | UNDISPUTED that Foss prepared an email.<br><br>Sears objects that this statement is inadmissible because it lacks foundation and is irrelevant. (FRE 602, 402.)   Sears objects that the cited testimony is inadmissible hearsay.  (FRE 802.)<br><br>Sears objects that this statement is inadmissible as an improper summary of a writing.   FRE 1006.<br><br>Sears further objects to Plaintiff's argumentative and conclusory characterization of the email. |

Dated: June 11, 2012

/s/ Jody A. Landry
JODY A. LANDRY
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SEARS, ROEBUCK AND CO.

Firmwide:112336805.1 016144.1316

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441